No. 2520.

Second Circuit.

----

## HANLEY v. ANTHONY.

----

(March 11, 1926.  Opinion and Decree)
(April 1, 1926.  Rehearing Refused.)

----

*(Syllabus by the Editor.)*

1. **Louisiana  Digest — Automobiles — Par. 4 (c).**

Where one driving an automobile at a moderate rate of speed between street intersections hits a child who runs directly in front of the automobile, she will not be held liable for damages, as she could not have avoided striking the child by the use of all proper precautions.

Appeal from the Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. R. C. Culpepper, Judge.

Action by Laurence T. Hanley, appearing individually and as representative of his minor child, Marguerite Hanley, against

Mary A. Anthony, for damages for physical injuries sustained by Marguerite Hanley.

There was judgment for defendant, and plaintiff appealed.

Judgment affirmed.

B. T. Dawkins and Lamar Polk, of Alexandria, attorneys for plaintiff, appellant.

K. M. Hundley and T. A. Carter, of Alexandria, attorneys for defendant, appellee.

WEBB, J. The plaintiff, L. T. Hanley, appearing individually and as the representative of his minor child, Marguerite Hanley, brings this action against Marguerite Jordan and Mary A. Anthony to recover damages resulting from injuries sustained by the child, and obligations incurred by the plaintiff, such as hospital and physician's fees, resulting from the injuries, following the child being struck by an automobile driven by Miss Jordan, major daughter of Mrs. Anthony, who was the owner of the car.

The accident occurred in the city of Alexandria on Third Street, which is thirty-three feet, seven inches in width; this street, (which for the purpose of this statement is considered as running north and south) is intersected at right angles by Fulton and Casson Streets, the latter being one block south of Fulton.

At the time of the accident there were parked on the left (south) side of Third Street two large motor vehicles, one an "International Bus" and the other a "G. M. C. Truck." These vehicles were in front of a building known as the Interurban Building. They were parked fronting to the north, the bus being next to the intersection of Third and Fulton streets, and the truck to the rear of the bus at an approximate distance of two feet. Below the Interurban Building, on the same side of the street, and north of Casson Street, there was a building known as the market.

On the morning of the accident, Mrs. L. T. Hanley, who resided on Fulton Street, west of Third Street, sent her daughter Marguerite (who was past seven years of age) to the market, located as above, and when the child (presumably returning from the market) reached a point on the sidewalk near the Interurban Building, a small boy came from a nearby building and threatened her, and she, in haste, to escape from the boy, ran, and while running over Third Street was struck by an automobile which was being driven south by Miss Jordan.

The theory of plaintiff's case, as reflected by the pleadings, and the evidence, is that Marguerite Hanley came upon the roadway of the street at the intersection of Third and Fulton Streets and had proceeded along the intersection over that part used by pedestrians until she had reached a point beyond the center of the street, when she was struck by the automobile; and the collision is attributed to the fault of Miss Jordan, the driver of the automobile, who is alleged to have been driving at a reckless rate of speed, and to have failed to maintain a proper lookout; while the theory of the defense is that Marguerite Hanley came upon the roadway of the street south of the intersection of Third and Fulton streets at a point between the International bus and the G. M. C. truck (a distance of approximately twenty or thirty feet below the intersection) and thence ran over the street from that point until she reached a point on the right (south) of the center of the street, where she was struck by the automobile; and the accident is attributed by defendants to the suddenness of the appearance of the child upon the street and the almost instantaneous collision, it being denied that Miss Jordan was driving at a

reckless rate of speed or that she was not maintaining a proper lookout, and alleged that she did all in her power to stop the car the moment she ascertained the situation of the child.

The judgment of the District Court rejected the plaintiff's demands, and he appeals.

## OPINION.

The preponderance of the evidence establishes that Miss Jordan was driving at a rate of speed approximated from ten to fifteen miles per hour (which is not shown to have been excessive, having regard to the law and the place), and that the view of one in an automobile going south along Third Street when approaching the intersection of the sidewalk between the Interurban Building and the motor vehicles would be obstructed by the latter; that the car driven by Miss Jordan was to the right (south) of the center of Third Street at the time the child was struck, and that the child ran over the street and was running at the time of the collision; that as soon as Miss Jordan noted the situation she applied the brakes and that the car was stopped at a point below the intersection, at a distance estimated from twenty to thirty feet, at which point the child was taken up from the pavement, where she lay underneath the bumper of the car, from which she had fallen when the car had stopped, at a point below the intersection, states that she did not see the child until practically the moment of collision.

Other facts which we deem to be material relate to the point at which the child came upon the street (whether at the intersection or below) and the position of the car at that time.

As to the first, the testimony is in conflict, and the other was practically ignored.

The parties seem to have recognized that the law makes a distinction between the degree of care which the drivers of automobiles on the streets must exercise at street intersections and between such points, and to have tried the case with this distinction in view, and with the realization of the conflict between their respective theories, and that the court, adopting either, would have to ignore practically all of the testimony in support of the other, and we are informed by counsel for plaintiff that the District Court adopted the theory of defendant, and based its judgment on the facts found to support that theory.

The plaintiff contends that the District Court was in error as to its finding of fact, but that even under the finding of fact, as established by the defendant, it appears the defendant was liable under the doctrine of the last clear chance; this latter position being based upon the evidence of the witnesses for defendant, who were of the opinion that the car was stopped within a foot or two after the application of the brakes, and that had the defendant noted the situation of the child at the moment she came upon the street, at some other instant, the car could have been stopped and the collision avoided.

We do not find from our review of the testimony of the witnesses that there is such conflict with itself or that they have made statements so inherently improbable as would indicate that they were intentionally stating facts known to them to be untrue. While the testimony of some of the witnesses does show lack of attention and discrepancies which affect the weight of their testimony, but if we consider these matters, affecting the weight of the testimony, and weigh the whole of the evidence in support of the respective contentions of the parties against the other, we cannot say that the balance would be in favor of

the plaintiff, but, on the contrary, that it rather supports the version of the defen-. dants, especially as to the physical facts which were established by the preponderance of the evidence, and in such case we are bound to follow the finding of fact made by the District Court.

In support of the contention that the defendant is liable under the doctrine of the last clear chance, the plaintiff cites Burvant vs. Wolf, 126 La. 787, 52 South. 1025, in which the court said:

"Even if a boy, who, in the middle of the block, stepped into the street when four feet from the curb, was struck by an automobile coming from the rear, was negligent, the driver of the machine, who did not see the boy, having his attention on the crowd ahead, was liable under the last clear chance doctrine, for had he been looking, as it was his duty, he would have seen the boy and realized that the boy was unaware of the danger; and this, though possibly even then it would have been too late to have stopped, or sufficiently changed the direction of the machine so as to avoid a collision."

In the case cited, the driver of the automobile was on the wrong side of the street, and the situation was such that one in the exercise of ordinary care, was bound to anticipate that persons would step from the sidewalk into the street, and we do not think the case is analogous to the facts upon which plaintiff bases his right of recovery.

In many cases the court has said, in substance, that drivers of automobiles are not bound to anticipate the presence and use of the streets by pedestrians at points between intersections. (Mequet vs. Algiers Mfg. Co., 147 La. 364, 84 South. 904; Fernandez vs. Montz, 151 La. 299, 91 South. 742), and as the evidence shows the defendant to have been driving at a reasonable rate of speed, on the right side of the street, we are of the opinion she cannot be held bound to have anticipated the presence of the child, and in order to hold her guilty of negligence it is necessary that the evidence should show the relative positions of the child and the automobile to have been such that the defendant would be presumed to have failed to exercise ordinary care.

There is not any direct testimony in the record showing this situation, except the statement of one of the witnesses for the defendant, who seemed to be of the opinion that the distance between the automobile and the child when the latter first appeared upon the street was such that it was impossible to have stopped the automobile and to have avoided striking the child; and if we disregard this statement there is no other possible means of arriving at the situation.

While the accident was more regrettable by reason of the injury to the child, the degree of care which defendant was bound to exercise in so far as it relates to the observance of the road was the same, whether as to children or adults, and we are of the opinion that the evidence fails to show that defendant was negligent, unless the negligence might be presumed from her admission that she did not see the child until almost the moment of collision.

The defendant testified that she was maintaining a lookout, and the evidence indicating that the time passing between the appearance of the child upon the street and the collision was barely appreciable, we are of the opinion that we cannot by reason of the admission presume that the defendant was negligent.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.