No. 2735

Second Circuit

---

GREMILLION, SR., v. COUVILLION

---

(Jan. 28, 1927. Opinion and Decree.)

---

(*Sylabus by the Editor.*)

1. Louisiana Digest—Automobiles — Par. 4 (c), 7.

Where the evidence clearly shows that a boy pedestrian collided with the running board of an automobile which was driving on the right side of the road at a legal rate of speed, there was no negligence on the part of the driver, but the accident was due to acts of the boy.

Appeal from the Twelfth Judicial District of Louisiana, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by Jerome J. Gremillion, Sr., against C. P. Couvillion.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Bordelon & Norman, of Marksville, attorneys for plaintiff, appellant.

Porterie & Bordelon, of Marksville, attorneys for defendant, appellee.

WEBB, J. The plaintiff appeals from a judgment rejecting his demands rendered in an action brought by him individually and as the representative of his minor son against defendant to recover damages alleged to have been sustained as the result of defendant's negligence while driving an automobile in the town of Moreauville.

The scene of the accident was on the public highway (which passes through Moreauville) near a church where many persons had gathered to attend mass, those who came in automobiles parking their cars on each side of the roadway or street, leaving a space in the center for cars to pass "to and fro", and while defendant, O. P. Couvillion, was driving along that space at an estimated speed of ten or twelve miles per hour, the car collided with plaintiff's son, Jerome Gremillion, Jr., a minor past fourteen years of age, who was at the time passing from one side of the roadway to the other.

Neither defendant, O. P. Couvillion, nor Jerome Gremillion, Jr., appear to have noted the presence of the other until almost the moment of collision, Couvillion stating that he did not see the boy until he was within a step or two of the car and that the boy ran into the side of the car striking it at a point near the left front door, while Gremillion states that

the car struck him as he stepped back, but that he did not know what part of the car struck him.

The plaintiff contends that he should recover on the ground that defendant was not exercising such care as the situation required, in that he was driving at an excessive rate of speed, having regard to the situation, and in not giving signals of the approach of the car, nor maintaining a proper lookout, and, in any event, had defendant been maintaining such a lookout as the situation required, he would have seen the boy and noted the danger in time to have avoided the accident; while the defendant contends that the accident was attributable solely to the negligence of the boy in attempting to cross the roadway without regard to the vehicular traffic thereon.

The evidence as to the circumstances of the accident is very conflicting as to the positions of the car and the boy, when the latter started across the road, and as to the part of the car with which he came in contact, as well as the manner in which the boy came upon the roadway and the pace which he maintained in attempting to cross.

We find that the preponderance of the evidence shows the boy collided with the side of the car, his left leg striking the running board at a point near the front door of the car, and as the defendant was driving his car on his right hand side of the street or roadway at a legal rate of speed, we do not think he can be said to have been guilty of negligence unless the situation was such as to require of him to give signals of the approach of his car or to maintain such a degree of care as would practically insure the safety of persons coming upon the roadway.

The evidence does not show that the roadway had been appropriated by groups or individual pedestrians, or any circumstances which required defendant to give signals of the approach of his car, or to maintain such a degree of care as would insure the safety of persons coming upon the street, as in the case cited by plaintiff (Burvant vs. Wolfe, 126 La. 787, 52 South. 1025); but, on the other hand, it appears that the roadway was being used by vehicles and such traffic was not impeded, and we do not think the situation was such as to require the defendant to anticipate that any one would come upon the roadway without attention to vehicular traffic and without exercising ordinary care.

The fact of the boy having come in contact with the side of the car, we think, precludes any discussion of the doctrine of the last clear chance, as it appears that if the defendant was in any manner negligent, the boy, who was past fourteen years of age, was likewise negligent, and the negligence of the latter continued until the moment of the collision (Harrison vs. La. West. Ry. Co., 132 La. 767, 61 South. 784; also Moran vs. Smith, 95 Atl. 272).

It is therefore ordered that the judgment appealed from be affirmed.