No. 3020

Second Circuit

POWERS v. SIMMONS

(Feb. 3, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest — Automobiles — Par. 4 (c).**

Where a child walking on the right hand side of the road suddenly turns and runs in front of an automobile, making an accident unavoidable, although the auto was being driven at a moderate rate of speed, the driver not being negligent, there can be no recovery of damages for the death of the child.

Appealed from the Ninth Judicial District Court of Louisiana, Parish of Grant. Hon. R. C. Culpepper, Judge.

Action by Alphonse Powers against B. S. Simmons.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Overton & Hunter; J. A. Williams, Alexandria, attorneys for plaintiff, appellant.

Peterman, Dear & Peterman, Alexandria, attorneys for defendant, appellee.

ODOM, J. Van Simmons, the minor son of defendant, while operating an automobile on the Jefferson Highway, ran over and killed the seven-year-old child of plaintiff.

Plaintiff brought suit for damages, alleging gross carelessness and negligence on the part of the driver of the car.

Defendant denied negligence, and alleged that the accident was unavoidable.

Plaintiff's demands were rejected by the Lower Court and he appealed.

## OPINION.

Plaintiff alleged and attempted to prove that his seven-year-old son was walking along a foot path on the left hand side or edge of the Jefferson Highway and that the driver of the automobile while traveling in the same direction negligently, carelessly and recklessly swerved his car over the side of the road where the child was walking and there ran over and killed it.

If plaintiff's theory of the case, as set forth in his allegations, be correct, his action for damages is well founded.

But plaintiff's allegations are not supported by the record.

Only three persons witnessed the accident which resulted in the child's death: Mrs. Lucy Lassyone, a relative of the deceased child; Van Simmons, the owner and operator of the car; and his companion in the car, Sam Russo.

Mrs. Lassyone testified that she witnessed the accident from her residence which was located not far from the road and within less than one hundred yards from the scene.

She said the child was going north, walking along a foot path over on the left hand side of the road; that Van Simmons, driving a Ford "racer" in a fast and reckless manner, drove up behind the child and just before reaching the place where the child was walking turned the car to the left, hit the child and then turned to the right; that the child was struck by the front end of the car, knocked down and run over; that the car was stopped out in the middle of the road, only a few feet from where the child was struck; and that the child was picked up from where it lay out in the road by Russo, the companion of Simmons in the car, and taken to Colfax, not far away.

Other witnesses for plaintiff testified that they had visited the scene and examined the road, and that they saw car tracks or skid marks in the road which indicated that the car left the center of the road, swerved to the left and then back to the right, bearing out plaintiff's contention.

Plaintiff's theory of the case is that the child was over on the left hand side of the road, off the gravel, in a safe place, out of the way of passing cars, and that he did not leave the foot path and was struck over on that side of the road as the car swerved to the left; and Mrs. Lassyone's testimony is to that effect.

The weakness of this theory is apparent, in view of the undisputed testimony that the child, after being run over, was picked up out in the road and, as we gather, near the center of the road. If the child, when struck, had been over on the left edge of the road, and had been struck as the car swerved to the left, it would have been knocked off the road into the ditch and not out into the road.

Mrs. Lassyone says the car first turned to the left, hit the child and then turned to the right and stopped, and that the child was in the road when picked up.

Again, it is alleged and Mrs. Lassyone testified that the car was going at a very rapid rate of speed. But she says the child was run over by the left rear wheel of the car and that it was picked up "right at the hind wheel"; which would indicate that the car was not being driven at forty miles an hour, as alleged, or at any great rate of speed, otherwise it could not have been stopped in so short a distance.

As stated, the only others who witnessed the accident were Van Simmons, the driver of the car, and his companion, Sam Russo.

According to the plat filed in evidence by the plaintiff, the Jefferson Highway, going north from Colfax, is straight and runs almost parallel with the L. R. & N. railway track for some distance to a point where said highway makes a short, precipitate curve to the right, crossing the railroad track, and proceeds for a short distance almost due east. Close to the highway, after it crosses the railroad track and on the south side, there are a number of small residences occupied, as we gather, by tenants, one of whom was Mrs. Lassyone. The accident occurred near the Lassyone residence, about one hundred and ten steps, say three hundred feet, from the crossing.

Van Simmons testified that as he approached the crossing he slowed down to about seven miles an hour on account of the crossing and the curve; that the curve was a dangerous one and could not be negotiated except at low speed without danger; that after passing the railroad track he picked up speed and was running about fifteen miles an hour when the accident happened.

He said that after rounding the curve he saw ahead of him in the road four children, two white boys and two negroes; that the two white children, the deceased and his older brother, were between the center and the right hand side of the road; that as he approached them the younger of the two boys looked back over his shoulder to the right and apparently saw the approaching car, whereupon he began to "trot", first turning to the right, indi-cating that he intended to get off the road on that side, and then suddenly turned to the left and attempted to run across to the other side of the road; that his car was then only a few feet from the child, too close to stop, and that in order to avoid running over it he first cut his car to the left, thinking he could run in front of it over on the left hand side, and ran as far over as he could and to avoid running into the ditch cut his car to the right and as he did so struck the child, knocked it down and the left rear wheel of the car ran over it.

He says that the child "suddenly wheeled and ran" to the left in front of his car and that he did all he could to avoid the collision.

Sam Russo testified that he did not see the children until the car was near to them and that they were on the right hand side of the road apparently "wheeling around in a circle" and that the small child suddenly and unexpectedly turned and ran to the left in front of the car and that the accident was unavoidable. Such was the conclusion of the District Judge and such is ours.

Plaintiff alleged and attempted to prove that young Simmons was intoxicated and running at a reckless rate of speed. He failed in his proof. There was some testimony that the Simmons boy had the reputation of being a fast and reckless driver. However, there is no satisfactory proof that he was driving in a reckless manner on this occasion. Nor does the record warrant a holding that he was otherwise negligent.

The judgment is affirmed, with costs.