No. 3020

Second Circuit

EDMINSTON v. TERRILL BROTHERS GROCERY CO. ET AL.

(December 31, 1929. Opinion and Decree.)

J. W. Elder, of Ruston, attorney for plaintiff, appellant.

Dhu Thompson, of Ruston, attorney for defendants, appellees.

WEBB, J. Plaintiff, C. C. Edminston, brought this action against Terrill Bros. Grocery Company, a commercial partnership, and the individuals comprising the partnership, and E. S. Kidd and Will Dunbar, employees of the partnership, to recover damages alleged to have been sustained by plaintiff as the result of personal injuries sustained by his minor son, Roy Edminston, alleged to have resulted from the negligence of said employees acting within the scope of their

employment; and plaintiff appeals from a judgment rejecting his demands.

Defendant Terrill Bros. Grocery Company conducts a grocery and produce business in the city of Ruston, and plaintiff alleged, in substance, that a chicken had escaped from the partnership's place of business to an adjoining street; that E. S. Kidd, a clerk employed by the partnership, had requested plaintiff's son, who was 12 years of age, to capture the fowl, to which the boy assented; and that, while he was chasing the fowl, a motortruck owned by the partnership, and being driven by its employee Will Dunbar along the street, collided with the boy.

The petition is somewhat vague as to the specific facts on which plaintiff based the charge of negligence against the employees. However, considering the petition and the evidence, as well as the brief of counsel for appellant, it appears that the basis of the claim to recover against Kidd and the partnership, his employer, is that the street on which the fowl was at large was narrow and congested with traffic, and that Kidd, knowing the conditions, was guilty of negligence in requesting and permitting an immature youth to take the hazard of being injured by vehicles using the street while he was attempting to capture the fowl, and that the basis of the claim to recover against Dunbar and the partnership, his employer, was that Dunbar, having knowledge of the congested condition of the street, had operated the truck in a careless manner and at an excessive rate of speed.

The evidence shows that Dunbar was acting within the scope of his employment, but it was not alleged that Dunbar knew that Kidd had requested plaintiff's son to capture the fowl or that he knew that plaintiff's son and other youths with him were on the street, or that he knew any of the circumstances; and, while it was established that there were vehicles parked on the side of the street, of which the portion devoted to vehicular traffic was about 26 feet in width, the evidence does not show that Dunbar was operating the motortruck at an excessive rate of speed or in a careless manner, having regard to the vehicles parked along the street, nor was it shown that there were any vehicles, other than the motortruck driven by Dunbar, moving on the street in the vicinity of the accident. It was shown that plaintiff's son had followed the fowl under a wagon which was standing along the side of the street, and, while there was some evidence that the boy came from the side of the wagon and was standing between the wheels and the body of the wagon at the time he was struck by the motortruck, the preponderance of the evidence established that the youth came from the rear of the wagon and suddenly appeared in the path of the truck and in such close proximity thereto that Dunbar was unable to avoid the accident.

And, without regard as to whether or not the boy was sufficiently mature to be guilty of contributory negligence, Dunbar was not shown to have been negligent, and plaintiff cannot recover as against him (Culbertson v. Crescent City Ry. Co., 48 La. Ann. 1376, 20 Sou. 902; Powers v. Simmons, 7 La. App. 523), nor against the partnership as his employer.

Relative to the right to recover against Kidd and the partnership as his employer, it is urged that the evidence established that the street was narrow and congested by vehicles parked along the side

of the street, and that Kidd had knowledge of the danger to which the youth would be subjected from vehicles using the street, of which the youth did not have knowledge, and that Kidd should be held guilty of negligence in requesting the youth to attempt to capture the fowl, and the evidence establishing that Kidd was a clerk in the store conducted by the partnership, and that it was a custom with the employees of merchants handling produce, whose places of business abutted on the street, to take up fowls at large on the street, that Kidd, in requesting the youth to capture the fowl, was following a custom and was acting within the scope of his employment, and his employer was liable.

While the evidence established that Kidd had requested several youths, among whom was plaintiff's son, to capture the fowl, and that the street was congested by vehicles, it was not shown that there was a great volume of traffic on the street, but it indicates the contrary, as it appears that the street (which is referred to in the evidence as an alley) was principally used by persons in hauling merchandise to and from the business houses situated in the block in which the partnership's place of business was located, and it was not shown that plaintiff's son was, considering his age, immature, and the evidence indicates to the contrary. While it was shown that it was a custom of the employees of the dealers whose places of business abutted on the street to capture fowls found at large on the street, and that Kidd, in requesting the youths to obtain the fowl, was following the custom, it was not shown that the defendant partnership knew of such custom, nor was it shown that the fowl discovered by Kidd at large on the street was the property

of the defendant partnership or that it had escaped from its place of business to the street. It was shown that, when Kidd requested the youths to capture the fowl, he was not on the premises of his employer, and one of the members of the partnership testified that Kidd was not authorized to take up fowls at large on the street, and there is not any evidence in the record showing the authority of Kidd, other than that he was a clerk in the store conducted by the partnership.

While it may possibly be assumed that Kidd, as a clerk in the store of the defendant partnership, was as such bound to conserve the merchandise handled by the partnership, and for such purpose that he had implied authority to have fowls belonging to the partnership, which may have escaped from his employer's premises to the street, recaptured, we do not think it may be assumed that Kidd had authority to have fowls captured which he found on the street, which did not belong to the partnership, or had not escaped from its place of business, in the absence of evidence showing that the partnership knew of the custom of its employees to take up fowls on the street under an assumption that such fowls belonged to the partnership; we do not think the partnership could be held liable for the negligence of its employees who undertook to have fowls taken up from the street adjoining the partnership's place of business.

Appellant does not contend that the relationship between plaintiff's son and the partnership was that of master and servant, or that such relationship existed between Kidd and the youths who, at his request, attempted to capture a fowl

at large on the street, but it is urged that Kidd, a man of mature years, should be presumed to have had knowledge of the danger to which the youths would be exposed in attempting to capture a fowl at large on the street, of which they, being immature or inexperienced, did not have knowledge, and that the action of Kidd in requesting the youths to capture the fowl indicated a degree of negligence analogous to wantonness.

The evidence does not show that there was such volume of traffic on the street as to render it hazardous for one in the exercise of care to go upon that portion of the street devoted to vehicular traffic, nor does it show that there were any dangers, which were not apparent. And the evidence showing that plaintiff's son was not immature, but that he was fully capable of appreciating the hazard to which he would be exposed, it cannot, we think, be said that the action of Kidd in requesting him to capture the fowl indicated wantonness. But, conceding that Kidd should have foreseen that the youth would be exposed to danger, and that he might be injured by vehicles passing along the street, the danger was one that could be guarded against by the exercise of ordinary care; and the evidence showing that plaintiff's son was fully capable of appreciating the hazards to which he would be exposed and of guarding against such risks, we are of the opinion that the proximate cause of the accident was the failure of the youth to exercise ordinary care, and not that Kidd had requested and permitted him to expose himself to risks of which he was not fully aware and capable of guarding against.

The judgment is affirmed.