## MARTINEZ et al. v. CRUSEL.
### No. 14334.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

P. M. Milner, of New Orleans, for appellants.

Cobb & Jones, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment based upon a verdict of a jury dismissing plaintiffs' suit for damages for the death of their small daughter, Beverly, which they allege to have been caused by the negligent operation of a Lincoln sedan driven by Cornelius C. Crusel.

The distressing accident, upon which this suit is based, occurred near Bay St. Louis, Miss., on the 1st day of September, 1930, at about 4 p. m., when plaintiffs' small daughter was run down by the Lincoln automobile as she attempted to run across the concrete highway which faces the beach. The child suddenly emerged from behind a parked automobile belonging to Mr. Heisler, a relative residing in Bay St. Louis in whose charge she had been left by her parents, Dr. & Mrs. Martinez. The Crusel car approached the scene of the accident from the rear of the parked Heisler car and little Beverly ran into the roadway from the front of the Heisler car.

It is claimed that Crusel was speeding on the wrong side of the road and that he was further negligent in failing to turn aside or stop, having an opportunity to do both and avoid the accident. However, the evidence satisfies us that Crusel was traveling on the proper side of the road at the modest speed of 25 miles per hour and that, when he first observed the child, there was no opportunity to turn aside or stop. He had just passed a car going in the opposite direction, turning to his right and towards the parked Heisler car for that purpose, when, observing the Heisler car, he turned to the left in order to clear it. The roadway at that point is 24 feet wide and its left extent marked by a sea wall several feet high. When the child ran out from the front of the Heisler car, Crusel had reached its rear, or as one witness puts it, he was about 17 feet away from the child. He did everything possible in an effort to avoid the accident, applied his brakes, and attempted to swerve to the left but he could not stop in time nor could he swerve far enough to avoid striking the little girl. Litolff v. N. O. Railway & Light Co., 124 La. 278, 50 So. 105; Pyaette v. N. O. P. S., 10 La. App. 300, 120 So. 483; Hahn v. P. Graham & Co., 148 La. 55, 86 So. 651; Millanos v. Fatter, 18 La. App. 708, 138 So. 878; Valcour v. Simon Hubig Co., 4 La. App. 521; Powers v. Simmons, 7 La. App. 523; Hanley v. Anthony, 3 La. App. 727; Payne v. Seibert, 4 La. App. 591.

The case from plaintiffs' standpoint was very ably presented by counsel, who must feel, as we do, the keenest sympathy for the unfortunate parents, plaintiffs herein, in the loss of their little daughter. But however painful and distressing their loss, we can find no legal responsibility in defendant. It is simply a case of vicarious sacrifice upon the altar of modern progress, as represented by the automobile, the dangerous possibilities of which the infant mind cannot sense.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.