Orine Wattree Sanders, as natural tutrix of her minor daughter, Bernice Wattree, aged seven years, instituted this suit against defendant, Paul Cascio, to recover damages for physical injuries, pain, suffering, etc., sustained by the child as the result of being struck by defendant's car in the daytime in the 1700 block of Market Street in the City of Shreveport, Louisiana. The accident allegedly was due to defendant's negligence in the following respects, to-wit:
1. Operating his car while in a defective condition, with defective brakes;
2. Losing control thereof and accelerating its speed at a time it should have been reduced;
3. Driving in a reckless manner;
4. Not maintaining proper lookout for pedestrians;
5. Not availing himself of the last clear chance to avoid the accident;
6. Dragging the child a considerable distance after the impact when he should have brought the car to a stop.
Defendant denies each of the acts of negligence attributed to him. He avers that he was traveling at a speed of approximately 15 miles per hour on his (the west) side of the street when suddenly and without warning, plaintiff's small daughter ran rapidly across the street, from the east side, and into the left side of his automobile, causing the injuries for which damages are sought; that the collision occurred by and through no fault or negligence of his own, but solely from the fault and negligence of the child in the respects mentioned.
Plaintiff's demand was rejected and her suit dismissed at her cost. She appealed to this court. The trial judge supported his judgment with lengthy written reasons.
Defendant was driving southerly on Market Street at a speed not in excess of 25 miles per hour, slightly up-grade, when the accident occurred. At that point the street is 36 feet wide from curb to curb. The injured child, accompanied by other small children, was en route to school, several blocks west of Market Street. They undertook to cross the street at a point where there is no intersection. One of the children crossed over safely. Plaintiff's child and another about the same age, after allowing a car to pass in front of them going north, but without observing traffic conditions to their right, undertook to cross the street by running, and had proceeded 22.5 feet, or 4 1/2 feet beyond the street's center, when plaintiff's daughter, being ahead of the other one, ran into the left front fender of defendant's car. Her companion was able to turn back before contacting the car and escaped injury.
The injured child was thrown a few feet in advance of the car when it stopped. It traversed approximately 30 feet after the collision.
At the time of the collision a car was parked against the west curb, south of but not far from the point of impact, and on the east side of the street, nearly opposite said point, a truck of some sort was parked near the curb on a concrete driveway in front of a fruit and vegetable market that faces Market Street.
The testimony disproves the charge that defendant's car or its brakes were in defective mechanical condition. He applied the brakes quickly and forcefully as soon as possible after observing the child only a few feet away, running toward his car. The brakes were effective as the car was brought to a stop within the minimum distance to be expected under prevailing conditions. See 14 Tulane Law Review, p. 503. Defendant was traveling at a speed well below the maximum fixed by ordinance of the City of Shreveport, which could not be classed as reckless, taking into consideration the time and place of the accident and physical conditions then and there prevailing. He did not lose control of the car, nor did he increase its speed immediately prior nor subsequent to the collision. The fact that he was able to bring the car to a stop as quickly as shown is convincing proof of this fact. The undisputed facts negative the charge that the child was dragged.
[1] Defendant did not see the children before they began running across the street, *Page 886 
and we think, under existing conditions and circumstances, it was not negligence on his part not to have seen them, prior to that time. This being true, application of the doctrine of the last clear chance finds no place. This phase of the case will be discussed more at length hereinafter.
[2] It is shown that these children, and possibly others, often crossed the street en route to school, at the place they attempted to cross when the accident occurred, but it is not shown, nor intimated that defendant had knowledge of the practice. This point on the street is near midway between two streets leading westerly that intersect but which do not cross Market Street; and motorists have no reason to think that pedestrians will cross the street there rather than at the intersections.
Defendant testified; and we can conceive of no reason for disbelieving him, that he was intently watching traffic conditions directly ahead of him; that he had to bear slightly to his left to escape colliding with the parked car in his lane of travel. That he did so is clearly reflected from the course his car took after the collision. The collision occurred exactly 13.6 feet from the west curb, whereas the car stopped near the center of the cast one-half of the street.
The children undertook to cross the street near to and south of the parked truck, immediately after the car going north had passed them, and it is fairly certain the two vehicles prevented defendant from seeing them prior to their sudden attempt to cross over ahead of him. Not having seen the children before they attempted to cross the street, no sensible reason could be assigned why defendant should have reduced his speed to a rate that would have enabled him to stop in time to avert this accident or any other accident that could result from a pedestrian's sudden attempt to cross the street in front of him. Surely, it cannot be said that he should have anticipated a sudden attempt by any one to cross the street between the intersections.
Defendant stands squarely upon the defense of freedom from fault or negligence in connection with the accident. Contributory negligence as an alternative defense is not urged. This is probably due to the tender age of the injured child whom the lower court held was not capable of contributory negligence. We are certain the testimony abundantly sustains the urged defense. The accident, as observed by the trial judge, was another of those unfortunate occurrences that frequently take place in the cities of our country. And we fully agree with him in the conclusion that the accident was unavoidable so far as defendant is concerned.
The jurisprudence of this state teems with cases quite similar in facts to the present one, and in which recovery was denied. The following are some of them: Hanley v. Anthony, 3 La. App. 727; Barrere v. Schuber, 5 La. App. 67; Gremillion, Sr. v. Couvillion, 5 La. App. 441; Edminston v. Terrill Bros. Grocery Co. et al., 12 La. App. 373, 125 So. 495; Millannos et al. v. Fatter, 18 La. App. 708, 138 So. 878; Martinez et al. v. Crusel, La. App., 148 So. 742; Rodriguez v. Abadie, La. App., 168 So. 515; McMorris v. Graham, La. App., 176 So. 630; Jamison v. State et al., La. App., 7 So.2d 373; Gauthier v. Foote et al., La. App., 12 So.2d 9.
For the reasons herein assigned, the judgment appealed from is affirmed.