(91 South. 742)

No. 23959.

FERNANDEZ et ux. v. MONTZ.

(April 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations** ⊙⇒706(5)—**Evidence held to show automobile driver not speeding.**

That an automobile driver was following a street car, which had stopped at a corner just before an accident, and had not passed the street car, *held* to show that the driver was not speeding, notwithstanding evidence showing that his car skidded from 10 to 35 feet when he tried to stop to prevent striking plaintiff's child.

2. **Municipal corporations** ⊙⇒705(1)—**Degree of caution at crossings not required between crossings.**

Ordinary care and prudence require an automobile driver to exercise the greatest caution when passing crossings used by pedestrians at street intersections, but after he has passed the crossing, the same degree of caution is not required, and, in the absence of facts making the last clear chance doctrine applicable, he is not liable for striking a pedestrian.

O'Niell and Land, JJ., dissenting.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage. Judge.

Action by Nicholas Fernandez and wife against Anthony J. Montz. From a judgment for defendant, plaintiffs appeal. Affirmed.

John J. Wingrave and W. H. Byrnes, Jr., both of New Orleans, for appellants.

Edward Rightor, of New Orleans, for appellee.

By the WHOLE COURT.

LECHE, J. Plaintiffs appeal from a judgment rejecting their demand for damages against defendant. Their daughter, aged about seven years, was run over and fatally injured by an automobile operated by defendant, June 23, 1917, in the city of New Orleans, under the following circumstances:

Defendant was driving his automobile, and was following a street car going towards the rear of the city on Dumaine street. That street runs back, at right angles, from the Mississippi river, is paved, and, though it is narrow, there is in the center of it a single track, upon which street cars run in one direction, from the river towards the lake. There is, however, room enough for a vehicle to meet a street car, provided such vehicle pass close to the curbing. Defendant had followed the street car from the intersection of Galvez street. The conductor of the street car says that defendant seemed to attempt several times to pass by, but was prevented from so doing because the space between the street car and the curbing was taken up by other vehicles. Defendant, who was operating his automobile, denies this, and says that he made no such attempt. Whether he did or did not is of little consequence because, as a matter of fact, he did not pass the street car, which was going at a speed of 10 to 12 miles an hour, and he could not therefore have exceeded that speed, which in the determination of this controversy becomes a very important factor. When the street car reached the corner of Miro street, one block back of Galvez, it stopped on the farther side to let off a passenger. Just then the plaintiffs' little girl, coming on the upper rear sidewalk of Miro street to the corner of Dumaine, ran along the left-hand sidewalk of Dumaine street towards the rear, a distance variously estimated at 35 to 50 feet, darted diagonally across Dumaine street, when she was struck by the left front wheel of defendant's automobile, which was still following the street car after it had made its last stop.

At the time of the accident defendant's automobile was straddling the left-hand rail of the car track, and it was stopped before it had passed entirely over the little girl, for she crawled out from under the left side of the automobile between the front and rear wheels. She staggered a short distance to the left, and seemed to collapse. Immediately thereafter she was picked up by Boyce, a passenger who got off the rear platform of the street car, and was carried by him, in defendant's automobile, to the Charity Hospital, where she died within an hour or two.

Both Boyce and defendant testify that the automobile at the time of the accident was on the street car track; the left wheel of the automobile running about 1 foot to the left of the left rail. The little girl ran from the sidewalk to the side of the street car, hesitated, then attempted to pass behind the street car, ahead of the automobile, and when defendant first saw her it was too late to avoid the accident. He applied the brakes, but the automobile skidded over the child. Defendant says he first saw the little girl when she was 3 or 4 feet ahead of him. She had been hidden from his view by the street car, and she evidently had failed to look in the direction of defendant's automobile.

[1] All the witnesses agree that defendant's automobile skidded. The pavement had lately been repaired, and was coated with tar, which at that season, in June, and at that hour of the day, about half after 1 o'clock, must have been melted by the heat, and become soft and slippery. The length of the skid is variously estimated by the witnesses. The father of the little girl says he measured it, and it extended 35 feet, beginning about 10 feet from the foot crossing at the corner. His measurement was made two or three days after the accident, and yet in his petition, filed several months later, he only alleges that the skid was more than 15 feet. Other witnesses variously estimate that the automobile skidded from 10 to 35 feet. All the evidence in regard to the distance that defendant's automobile skidded was offered with a view of establishing the speed at which defendant was running, but the fact that defendant was following the street car, that the street car had stopped at the corner, and that defendant never did pass by the street car negatives most absolutely the theory that he was speeding his machine.

[2] Ordinary care and prudence require that a person driving an automobile should exercise the greatest caution when passing street crossings used by pedestrians at street intersections. Pedestrians are bound to use these crossings, and they are of right as much entitled to the use of the street at such crossings as those who drive vehicles. But after the driver of a vehicle has passed the crossings, he is not called upon to exercise the same degree of caution, because, sidewalks being reserved exclusively for the use of pedestrians, he has no reason to expect pedestrians to use the street as a sidewalk. Of course if defendant had seen plaintiffs' little girl in time to avoid the accident, even though she was in a portion of the street not intended for pedestrians, he would be liable under the doctrine of the last clear chance, but the facts appearing in this record do not justify the application of that doctrine.

We do not believe that defendant was guilty of negligence, and; so believing, it is ordered that the judgment appealed from be affirmed.

O'NIELL and LAND, JJ., dissent.