No. 2565

Second Circuit

———

CAHN  v.  HOFFMAN

———

(April 10, 1926. Opinion and Decree)

———

(*Syllabus by the Editor.*)

1. Louisiana     Digest—Automobiles—Par. 4 (b).

Drivers of automobiles at street intersections must observe the presence of others, and this requires that, before attempting to negotiate the intersection they should take the precaution to observe the situation with care.

2. Louisiana     Digest—Automobiles—Par. 4 (b).

The driver of an automobile when approaching an intersection who observes that a street car obstructs his view is negligent if he proceeds to cross the street without further observation.

(Civil Code Article 2315. Editor's note.)

Appeal from the City Court of the City of Shreveport, Caddo parish, Louisiana, Hon. David B. Samuel, Judge.

Action by Carroll Cahn against Dave Hoffman for damages to an automobile arising out of an automobile collision. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

A. B. Freyer, of Shreveport, attorney for plaintiff, appellant.

J. F. Phillips, of Shreveport, attorney for defendant, appellee.

WEBB, J. In this suit the plaintiff seeks to recover damages (necessary repairs of an automobile) resulting from a collision between his car, while being driven by his chauffeur, and an automobile being driven by defendant.

The collision occurred at the intersection of Creswell street (which runs north and south) and Herdon avenue (which runs east and west), the chauffeur going north and defendant west, each of the cars, driven by them, being on the right side of the street.

There is a double line of street car tracks on Herndon avenue east of the intersection, which turn at the intersection, north into Creswell, and just preceding the accident a street car was on Herndon avenue proceeding west and defendant in his automobile was following the street car.

Plaintiff alleges the accident was due to the fault and negligence of the defendant in driving from behind the street car at an unlawful rate of speed, without any warning or other signal of his approach, and in attempting to cross the intersection in such manner and in failing to make any proper effort to avoid striking plaintiff's car; while the defendant denies any negligence, and alleges the street car which he was following stopped just before reaching the intersection and where he also stopped his automobile, and as the street car started forward he started his automobile, continuing west, and was proceeding over the intersection when he discovered the plaintiff's car, on the intersection, in front of him, at which time it was too late to avoid the collision.

The judgment of the City Court rejected plaintiff's demands, and he appeals.

OPINION

The version given by the chauffeur of the incidents immediately preceding the collision, was, that when he approached the intersection and at some distance north (just below the "Slow" sign) he slowed down in such manner as to cause the automobile to skid for several feet, and when he reached the "slow" sign, a point north of the intersection, at about fifteen feet, he noticed the street car on Herndon avenue, where it had stopped; that after noting the street car he proceeded over the intersection, at a speed of twelve or fifteen miles per hour, until he reached a point beyond the middle of the street, when he noted the defendant's automobile coming at a speed of fifteen or twenty miles an hour, and almost upon him, when he tried to avoid the collision by increasing the speed of his car.

The version of the defendant is, that the street car was stopped at a point with its rear end about thirty-five feet east of the intersection; that he stopped his automobile (Ford) behind the street car, and when the street car started up he started his automobile, and was proceeding west over the intersection at a speed of ten or twelve miles per hour, and when he noted

plaintiff's car it was on the intersection right in front of him.

Each of the parties called witnesses to support their statements.

Alice Thoman, for plaintiff, was of the opinion that the chauffeur was driving at a speed of about twelve miles per hour; while G. C. Oaks, for defendants, was of the opinion that the chauffeur was driving at a speed of eighteen or twenty miles per hour.

None of the supporting witnesses seemed, however, to have noticed the situation until about the moment of collision, and while the chauffeur and the defendant were able to state what the situation was on their side of the street, neither of them was aware of the position or of the presence of the other, until the moment of the collision.

Drivers of automobiles at street intersections must anticipate the presence of others, and this requires that, before attempting to negotiate the intersection they should take the precaution to observe with care the situation. (Fernandez vs. Montz, 151 La. 299, 91 South. 742.)

The weight of the evidence does not establish that the defendant was driving at a rate of speed in excess of that at which the chauffeur admits he was driving, and assuming the width of Creswell street and Herndon avenue to be equal, it appears the automobiles had traversed about an equal distance on the intersection preceding the collision, which indicates that they came upon the intersection at the same time, yet neither of the drivers was aware of the presence of the other until the moment of collision.

The incidents leading up to collisions between automobiles, upon which the determination of negligence must be based, usually occur in a very short space of time, and the testimony of one party, tending to show negligence on the part of the other, when consisting of estimates of speed, can have little weight when the collision is shown to have occurred at a place where the party is bound, in the exercise of ordinary care, to anticipate the presence of others, and it appears that he was unaware of the presence of the other until the moment of collision.

The driver of a car approaching an intersection is obliged to observe what is approaching on the street he intersects, and even if we concede that the chauffeur arrived at the intersection at the same time as the defendant (the evidence indicating that he arrived at the point after the defendant) the situation would be that while he observed the street car obstructed his view, he proceeded to cross the street without further observation, with the resulting collision.

Both parties were at fault under the evidence, and neither is entitled to recover.

The judgment is affirmed.