### OWENS v. TISDALE. *
No. 4730.

Court of Appeal of Louisiana. Second Circuit.
March 29, 1934.

*Rehearing denied May 4, 1934.

M. C. Redmond and Dhu Thompson, both of Monroe, for appellant.

Madison, Madison & Fuller, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff was struck and knocked unconscious by defendant's automobile while attempting to cross DeSiard street at intersection with Magnolia street, in the city of Monroe, La., about 2 o'clock the evening of April 14, 1933. He brings this suit to recover damages for the injuries to him as a consequence of the collision. He alleges that the accident was due solely to the negligence and lack of care of defendant in that he was not keeping a proper and careful lookout for traffic and did not have his car under control when the collision occurred, and, in addition, was exceeding the speed limit as fixed by law.

Defendant admits that his car came into contact with plaintiff at the time and place by him alleged, but, in all other respects, denies the material allegations of the petition. He avers that he was traveling on the right side of said street when the accident occurred, towards the city of Monroe, at a speed of less than twenty miles per hour; that the accident happened in spite of his care and prudence and efforts to avert it; and that he was wholly without fault in connection therewith. In the alternative, should it be found and held that the accident happened through any fault or negligence of his, he pleads in bar of plaintiff's right to recover herein, his own contributory negligence which, it is averred, was the proximate cause of the accident and which continued to the moment thereof; the acts of plaintiff constituting contributory negligence, the proximate cause of the accident, being as follows: That he, suddenly and at a running gait, came from behind the truck from which he had just alighted and a car going easterly and attempted to cross to the opposite side of DeSiard street, and in doing so ran into the path of travel of defendant's car; and this, too, while it was raining, and without looking and listening for traffic that might be passing that place at the time.

The demands of plaintiff were rejected by the lower court and he prosecutes this appeal.

Questions of fact only are involved in the case.

Plaintiff lived on Magnolia street and had been working in some branch of relief work. A truck used in that work brought him out on DeSiard street to the intersection with Magnolia street. It stopped on its right-hand side of the street, being the south side, to allow plaintiff to get out. Magnolia street is on the north side of DeSiard street, and, naturally, plaintiff was anxious to get out of the rain and proceed towards his home. He states that the truck moved on after letting him out, and that he then looked and listened for passing traffic and, being satisfied with the situation, began the trip across the street and was run into by defendant. His testimony is measureably corroborated by one or two witnesses of his own race. Neither he nor his witnesses offer any explanation for his not seeing the car of plaintiff which was not far away and in plain view. If he did look, before entering the street, he did not see that which was to be seen; if he listened, he did not hear that which he should have heard. A pedestrian desiring to cross a much traveled thoroughfare of a populous city, discharges only half the duty resting upon him when he merely stops, looks, and listens. In doing this he must see what may be seen and hear what may be heard. We do not think plaintiff looked or listened before trying to cross the street. If he had done so he would not have run into defendant's car, or across its path of travel too close for a collision to be avoided.

Defendant's version of the facts of the accident smacks with reasonableness and jibes with human experience. He is corroborated by other witnesses who have no interest in the outcome of the case. He was traveling on his side of the street at an ordinary rate of speed and did not see plaintiff until he came suddenly from behind the truck and another car going east and passing between defendant's car and the truck. Plaintiff was running, evidently to get out of the rain falling at the time, and did not take note of traffic conditions about him. As soon as defendant realized that a collision with plaintiff was inevitable he applied his brakes as in emergency. There was contact between plaintiff and the left headlight of the car, he being knocked several feet down the street and to the pavement. Defendant's car was stopped so suddenly that it did not run over or go beyond plaintiff's body. This fact is conclusive of one or two things; defendant's car was not traveling at a rapid rate of speed and/or his brakes were promptly applied and responded efficiently. In these circumstances, defendant evidently exercised prompt and correct resolution, in the face of a sudden emergency, and minimized possible injury to

plaintiff. We do not think any negligence attaches to him whatever.

The lower court so viewed the case, and we affirm the judgment appealed from.