**RODRIGUEZ v. ABADIE.**

No. 16244.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

Jos. Rosenberg and Cyril F. Dumaine, both of New Orleans, for appellant.

Geo. Montgomery and M. C. Scharff, both of New Orleans, for appellee.

McCALEB, Judge.

This is a suit by Charles Rodriguez in his capacity as administrator of the estate of his minor child, Anna Rodriguez, claiming damages in the sum of $25,000 against Lawrence P. Abadie, arising out of an automobile accident occurring on St. Claude avenue between Marigny and Mandeville streets in the city of New Orleans on December 16, 1933, wherein plaintiff's minor child was run over by an automobile owned by the defendant and operated, at the time of the accident, by the defendant's minor daughter, Claire Abadie.

The petition alleges, in substance, that on Saturday, December 16, 1933, at 10:50 a. m. the plaintiff's minor children, Joseph and Anna Rodriguez, were crossing St. Claude avenue at the downtown river side intersection of Marigny street, walking towards the woods; that Joseph Rodriguez had successfully crossed the intersection of said St. Claude avenue, and that Anna Rodriguez was walking directly behind him, when she was struck and severely injured by an automobile owned by the defendant and driven by the defendant's daughter; that when the plaintiff's minor child was struck by the automobile, she was dragged a distance of 45 feet before the automobile came to a stop. The specific charges of negligence contained in the petition are: That the defendant's daughter was driving the automobile at a speed estimated at 35 miles per hour; that she failed to see and observe plaintiff's minor child; and that, if she had exercised care and caution, the accident would have been avoided. There are allegations exhibiting severe injury to plaintiff's minor child, and in conclusion there is a prayer for judgment.

The defendant appeared and filed exceptions to the petition, which were overruled. He thereupon filed his answer, in which he relates his version of the accident as follows: That his daughter is an experienced and careful driver, nearly 18 years old; that on the date of the accident she was driving down St. Claude avenue at a speed of not over 25 miles per hour; that when she reached the middle of the block between Marigny and Mandeville streets, plaintiff's minor child ran suddenly into the street, apparently from the sidewalk of St. Claude avenue, from in front of an automobile parked at

*Rehearing denied June 22, 1936.

the curb in the middle of the block; that plaintiff's minor child ran rapidly and without any warning directly into the right front fender of the defendant's automobile; that defendant's daughter immediately applied her brakes and stopped the car almost at once; and that she did everything possible to avoid the accident that a careful and prudent driver would have done when confronted with such an emergency. Thereafter the defendant filed a supplemental and amended answer in which he re-avers all the allegations of the original answer and specifically pleads, in the alternative, the contributory negligence of plaintiff's minor child.

Upon the issues thus presented a trial was had, which resulted in a judgment for the defendant. The plaintiff, claiming error in the judgment below, has appealed.

The question presented for our consideration is mainly one of fact. As is invariably the case in actions for damages resulting from automobile accidents, there is a material variance in the testimony between the witnesses for the plaintiff and the witnesses for the defendant. Certain facts, however, are conceded in the case.

Whereas the plaintiff alleges that the accident happened at the intersection of St. Claude avenue and Marigny streets, all the evidence is to the effect that the accident happened on St. Claude avenue between Marigny and Mandeville streets at a point between 50 and 150 feet from the downtown riverside intersection of St. Claude avenue with Marigny street.

It would serve no useful purpose for us to discuss at length the conflicting testimony. The district judge had full opportunity to hear and see the witnesses and observe their demeanor upon the stand, and, as we have ofttimes said, we will not disturb the judgment of a trial court upon questions of fact unless we find that the decision is manifestly erroneous.

An examination of the evidence disclosed by the record convinces us that the accident happened in the following manner: On the day of the accident Miss Claire Abadie, daughter of the defendant, was driving the defendant's automobile on St. Claude avenue in the direction of the Industrial Canal. She was traveling at an approximate speed of 25 miles per hour. Upon reaching the corner of Marigny street, she noticed a young boy, who was in the act of crossing the river side roadway of St. Claude avenue from the banquette to the neutral ground, at a distance of about 100 to 140 feet from the intersection of Marigny street. She did not slacken her speed for the reason that the boy had successfully crossed over the roadway and had reached the neutral ground. Continuing on and arriving at a point between 100 to 140 feet from the intersection of Marigny street, defendant's daughter was suddenly confronted with the presence of the plaintiff's minor child, who had darted into the roadway of St. Claude avenue from behind a parked truck or automobile situated adjacent to the banquette curbing of St. Claude avenue. Defendant's daughter, realizing the emergency, applied her brakes and swerved the automobile sharply to the left in order to avert the accident, but to no avail, for the movement of the child was so swift that, although defendant's daughter did all that could be expected of her under the circumstances, the right front wheel and fender of the automobile collided with the child's body, resulting in serious injuries to the little girl. The brakes of defendant's automobile were in good condition. The defendant's daughter was alert and had her car under control. She was not in a position to see this child, who was screened from her view by the presence of the automobiles and trucks parked adjacent to the banquette curbing of St. Claude avenue. The progress of the automobile, from the time defendant's daughter was confronted with the existing emergency, until it came to a stop with its left front wheel adhering to the neutral ground curbing of the roadway, was between 30 and 35 feet.

But plaintiff contends that defendant's daughter was speeding, asserting that there is evidence in the record to show that the defendant's car was traveling at a rate of at least 30 miles per hour. While we do not believe that the preponderance of the evidence exhibits such speed, even though this velocity was obtained, we are of opinion that the proximate, direct cause of the accident was the act of the plaintiff's child in darting, from behind a parked automobile, into the open roadway. This child was twelve years old at the time of the accident, and it is well settled that a child of that age is capable of being guilty of negligence. However, it is unnecessary to dissertate further upon this question, as we are convinced that the testi-

mony discloses the defendant's daughter to be without fault.

Much ado is made by plaintiff as to the existence of skid marks upon the pavement at or near the point of the accident. It is likely that these skid marks did exist, but this fact would not be evidence necessarily conclusive of negligence on the part of defendant's daughter. It is a matter of common knowledge that an automobile will skid when brakes are suddenly applied in an emergency. The fact that defendant's car skidded in this case is, we think, mute evidence of an attempt on the part of defendant's daughter to perform all acts possible to avoid the accident, when faced with an emergency.

Plaintiff relies upon a line of cases which recognize and apply the doctrine of the last clear chance. That doctrine may not be invoked here because we are of the opinion that the defendant's daughter was free from negligence and at no time did she have an opportunity to avert the unfortunate accident.

Plaintiff also relies upon the recent case of Guillory v. Horecky et al. (La.Sup.) 168 So. 481, decided April 27, 1936; but the facts of that case are vastly different from the case at bar. The court in the Guillory Case recognizes and applies the doctrine of jurisprudence that one may not see children playing near a public roadway, or other places of potential danger, and not reduce the speed of his automobile so that, in the event of a sudden childish impulse to run into the street, his vehicle may be immediately stopped. This case cannot, under the facts presented, fall into the line of jurisprudence followed by the Supreme Court in the Guillory Case. On the contrary, it comes specifically within the decisions which deny liability where a child darts into the street from a place of safety, such as Martinez v. Crusel (La.App.) 148 So. 742; Fernandez v. Montz, 151 La. 299, 91 So. 742; Millanos v. Fatter, 18 La. App. 708, 138 So. 878; Miller v. St. Charles St. Ry. Co., 114 La. 409, 38 So. 401; Campbell v. N. O. City R. Co., 104 La. 183, 28 So. 985; Litolff v. N. O. R. & Light Co., 124 La. 278, 50 So. 105.

There was no reason for defendant's daughter to anticipate the presence of plaintiff's daughter in the roadway, and when the child's presence was discovered all means possible were used to avoid the accident.

We sympathize with the plaintiff and his little girl, for, undoubtedly, she was seriously injured. But the law does not permit us to award damages against persons who are not at fault.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.