This suit grew out of a collision between two passenger cars at the intersection of Creswell and Gladstone Streets, in the City of Shreveport, Louisiana, at the hour of 9:45 p.m., October 24, 1946. One of the cars, a two-door Chevrolet, was being driven by the defendant, who was going south on Creswell Street. The other car, a Buick, was being driven westerly on Glad-stone Street by Mrs. Clementine Harrell, wife of Fletcher E. Harrell, its owner.
By ordinance of the City, traffic on Creswell Street enjoys right of way over that from intersecting streets, such as Gladstone, and speed limit for passenger cars thereon has likewise been fixed at 35 miles per hour.
Mrs. Harrell was making a trip that carried her beyond Creswell Street, hence her interest in crossing the intersection at the time she did. She sustained serious physical injuries from the collision and her car was badly damaged. She sued the defendant and the Globe Indemnity Company, carrier of public liability insurance on his car, for damages resulting from the injuries she suffered, and Mr. Harrell sued for the cost of repairing his car and for expenses incurred in treating his wife's injuries.
The petitioners allege that Mrs. Harrell brought her car to a stop when she arrived *Page 759 
at the intersection and looked for traffic in both directions on Creswell Street. She saw none to her left (south) but did observe defendant's car approaching from her right about one-half block distant; that it appeared to her that defendant was traveling at a reasonable rate of speed; that so believing, she concluded she had ample time to cross over the intersection and gain the west side thereof before defendant reached it; and she attempted to do so; that when she was beyond the center of the intersection her car was violently rammed on its right side by the car of the defendant; that when she had reached the middle of the intersection, for the first time she realized that defendant was driving at an unlawful speed, 45 or 50 miles per hour, and she then accelerated her speed in the hope of averting the impending collision.
The accident is accredited to the negligence of the defendant in the following respects, to wit:
1. Failure to exercise the last clear chance;
2. Failure to maintain a proper lookout for others using said streets, including Mrs. Harrell.
It will be observed that defendant's speed is not specifically mentioned as constituting negligence on his part.
Defendants deny liability to any extent to either of the plaintiffs for the damages resulting from the accident, and they plead that it happened solely from the negligence and carelessness of Mrs. Harrell, in that:
1. She failed to stop her car before entering Creswell Street, in violation of ordinance of the City of Shreveport, which required her to do so;
2. She failed to recognize and observe defendant's superior right of way;
3. She failed to keep her car under control, and
4. She entered upon the intersection immediately in front of defendant's car at a time when she saw or should have seen that he was within 15 feet thereof.
In the alternative, employing the above alleged acts of negligence as a predicate therefor, defendants specially plead the contributory negligence of Mrs. Harrell in defense of this action.
The demands of plaintiffs were rejected at their cost, and they appealed to this court.
This court within recent years has been called upon to decide many cases arising in the City of Shreveport wherein the facts are similar to those appearing herein. With few exceptions the litigant who was on the right of way street when the accident occurred, was absolved from fault as a or the proximate cause of the accident. Of course, the peculiar facts of each case have to be weighed and considered in the effort to do justice as between the parties.
Legal principles governing cases in which the facts appear to be as we find them herein are well settled and have often been applied.
It was Mrs. Harrell's obvious, as well as legal duty, to have brought her car to a stop when she arrived at the west side of the intersection and then to have carefully surveyed the situation to ascertain traffic conditions both to her right and to her left on Creswell Street. She says she did this, and there is no evidence to contradict what she says. She observed defendant's car, which she thought was then near the center of the block to her right, and believing that it was going at a moderate rate of speed, concluded that she had ample time to negotiate the intersection and make a left turn thereon before it got there. She admits that after she started her car forward she did not keep her eye on the oncoming car of the defendant. Lights of both cars were burning brightly but the weather was cloudy.
Mrs. Harrell was possibly in error in one or two material respects. Defendant could have been nearer to her than she estimated, and he could have been traveling faster than she thought. If he was nearer to her than she thought and was not driving at an illegal rate of speed, clearly the blame for the collision should be fastened upon her. If she was correct in her estimate of the distance defendant was from her when she entered the intersection, but he was driving at a rate of speed in excess of that fixed by the city ordinance, and, for this reason, reached the intersection more quickly than had he been going at a lawful speed, then the blame for the collision would rest upon *Page 760 
him. His negligence in this respect would be the proximate cause of the collision.
If defendant saw or by exercise of reasonable care could have seen Mrs. Harrell's car as it entered the intersection, in time, by the exercise of prompt action, to have averted colliding with it, notwithstanding her negligence, the responsibility for the collision would fall upon him. Under this state of facts he would have had the last clear chance to avoid the collision.
Defendant admits that he did not see the Harrell car until it appeared in front of him some 10 or 15 fifteen feet away. It was then too late to do anything to avoid running into it, but he did apply his brakes as quickly as possible. His failure to see the car at stop may be attributed to two causes: its lights were focusing directly west across Creswell Street and a number of fairly large oak trees line the curb on the east side of Creswell above Gladstone. But, if defendant had seen the car at stop, what would have been his thoughts and reactions? Surely, he would have instantly concluded that its driver had seen the lights of his car and in deference to law and his right of way would not attempt to cross the intersection until he had done so. In view of this, we do not believe that the failure of defendant to observe the Harrell car before it was driven across his lane of traffic, should have a controlling influence upon the determination of the case.
Defendant, immediately prior to the accident, drove out of Forest Street (parallel to and north of Gladstone) into Creswell Street. The distance between the two intersecting streets is 225 feet. Defendant, of necessity, had to travel slowly from Forest into Creswell, then make a left turn in order to gain the west of the street. Necessarily, in doing this the momentum of his car was materially reduced. He is certain he had not attained a speed in excess of 30 miles per hour when the collision occurred. In view of the short distance he had covered from Forest Street a speed not greater than this would be expected. However, had he been going at 35 miles per hour, the situation would be the same. He had the legal right to travel at this speed and to assume that traffic from the intersecting streets would respect his superior right.
[1, 2] It has often been held by the appellate courts of this state, especially by this court, that a motorist on a less favored street but discharges half the duty imposed upon him by law when, in deference thereto, he stops his car prior to undertaking to cross an intersection. He is required to go further than this. The rule is clearly stated in Arline et al. v. Alexander et al., La. App., 2d 710-712. We said therein: " * * * To stop before entering a right-of-way street but discharges half the duty imposed upon a motorist. This action must be followed by careful observance of traffic conditions on the right-of-way street and no entry thereon made unless conditions clearly warrant it. To fail to see what may be seen in such circumstances on casual inspection amounts to gross negligence, and loss or injury arising from such failure falls upon the guilty person or persons. * * * " See also Owens v. Tisdale, La. App., 153 So. 564.
Mrs. Harrell's case does not fall within the doctrine embodied within the above quotation. Accepting her testimony that she stopped before entering the intersection, she failed to exercise the care and caution that the exigencies of the situation demanded of her. She erroneously concluded that it was safe for her to cross to the opposite side of the street, and, regardless of her good faith in this respect, she is not excused from the consequences that flowed from her error.
[3] We are not convinced that defendant was to any extent negligent, but, conceding that he was, it clearly appears that Mrs. Harrell's negligence, in the respects set out by defendant's answer, was a contributing factor to the accident and of such character as to bar recovery by plaintiffs.
If defendant was driving at not more than 30 miles per hour, as he says, he was covering 44 feet per second. If Mrs. Harrell was correct in her belief that defendant was one-half block away when she stopped at the intersection and saw his car, it required only three seconds for him to get to the intersection. It obviously required this much time for Mrs. Harrell to put her car in low gear and traverse the intersection, as she did, to its west side. *Page 761 
[4] Plaintiff in supplemental brief at length discusses and urges the applicability of the doctrine of the last clear chance to the facts of the case. We do not agree with this contention. The facts, as herein related, are opposed to this position.
[5] By invoking the doctrine of the last clear chance against his adversary a litigant admits himself to have been negligent in the incident allegedly giving rise to the facts that render said doctrine applicable; and after taking this position, unless it be clearly shown that same is tenable under the established facts of the case, the proponent finds himself without any basis to escape the consequences of his own admitted negligence.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
KENNON, J., absent.