This is a suit by the children and heirs of Mrs. Rosa L. Rinehart to recover damages as a result of their mother's injury and subsequent death after an automobile accident which occurred in the 600 block of North Third Street in the city of Monroe, Louisiana, on October 30, 1946. Defendants are Mrs. Martin, driver of the vehicle which struck Mrs. Rinehart, her husband, and his liability insurer. Plaintiffs alleged that at 5:40 p.m. their mother was walking north on the west side of North Third Street when, coming to a driveway, she turned east, walking in front of a parked automobile with the intention to cross to the east side of the street and after she had progressed three steps beyond the parked automobile and while she was so walking in a careful manner, she was struck by the right front fender of the car driven by the defendant, Mrs. B. B. Martin.
The petition charged Mrs. Martin with driving at an excessive rate of speed in a congested area; with failing to keep a proper lookout for pedestrians and, particularly, with failing to see Mrs. Rinehart before striking her; with failing to sound warning, apply brakes or take other action to avoid striking Mrs. Rinehart. In the alternative, and in the event the Court should find that the negligence of Mrs. Rinehart contributed to the accident, plaintiffs pleaded that Mrs. Martin had the last clear chance to avoid the accident, and that she failed to take the necessary action to avoid striking Mrs. Rinehart.
The answer denied that Mrs. Martin was guilty of any negligence and in the alternative alleged that the deceased was guilty of contributory negligence in attempting to cross one of the principal business streets in the city of Monroe in the center of the block instead of at the intersection and in walking from immediately in front of the parked automobile without looking to see that the way was clear and in walking into the side of the automobile driven by Mrs. Martin.
The case is before us on an appeal by plaintiffs from a District Court judgment rejecting their demands against all the defendants.
The District Court filed no written opinion, but we have no difficulty in determining from the record the relevant facts. Mrs. Rinehart, an elderly lady in good health, was proceeding north in the 600 block of North Third Street in down town Monroe just as darkness was falling on the fatal evening. Just before she reached a driveway extending out of North Third Street across the west sidewalk, a young man by the name of Bobby Hinton, while driving his car southward, brought it to a stop parallel with the street, half in and half out of this driveway, and raised the hood and began working on the engine under the *Page 406 
hood. As he pulled into the driveway (approximately middle way the block), he observed Mrs. Rinehart, who was then about half way between him and the corner, walking north along the west sidewalk. He spoke to her as she approached the driveway and saw her turn eastward to walk in front of his parked automobile. He estimated that before being struck, "she must have gone a couple of steps out into the street." He saw her next as she was rolling over at an angle of about 45 degrees with the street.
Mrs. Martin, accompanied by her mother, Mrs. Moore, was traveling southward at a reasonable speed. She observed the parked Hinton car, but did not see Mrs. Rinehart until "just as she struck the fender." After the impact Mrs. Martin applied her brakes and observing that Mrs. Rinehart's body was clear of the car, she proceeded southward, past where the injured pedestrian lay, and stopped at the west curb.
Mr. Joe Ammon was driving northward along the same street when he noticed that the car approaching him (the Martin car) had "hit something." His testimony was that it was "just dusk;" that he thought Mrs. Martin had her headlights on, although it was not dark enough for lights to be really necessary. He testified that it was hard to determine how fast Mrs. Martin was traveling as he was coming in the opposite direction, but thought her speed to be less than 25 miles an hour. He came forward to render assistance and talked with Mrs. Martin, who told him that Mrs. Rinehart had walked into the side of her car; that the two of them examined the Martin car and found an impact dent on the front of the right fender. He testified that Mrs. Martin said she expected to find the point of impact further back and that she first examined the back portion of the fender near the front door. He did not notice any headlights burning on Hinton's parked car.
Mrs. Martin's mother testified that she was not noticing ahead at the time of the impact, but that her daughter was driving carefully in her normal traffic lane to the right of the center of the street.
The testimony fails to establish plaintiffs' allegations that Mrs. Martin was operating her automobile at an excessive rate of speed. Nor does the testimony establish the other acts of negligence set forth in the petition.
Mrs. Rinehart was not in the view of the driver of the approaching automobile for sufficient length of time for Mrs. Martin to have taken effective action to avoid striking the deceased as she was stepping into the street from in front of the parked Hinton automobile. As stated in the case of Matassa v. Economy Cab Co. et al., La. App., 158 So. 239, 240, citing Fernandez v. Montz, 151 La. 299, 91 So. 742, 743 and Owens v. Tisdale, La. App., 153 So. 564:
"The driver of a vehicle on the streets of a city has no reason to anticipate the presence of pedestrians between intersections, whereas a pedestrian in the same situation has every reason to expect the vehicle."
We conclude that Mrs. Rinehart walked into the right front fender of the Martin car. The place and nature of the bodily injuries and the location of the slight damage to the automobile support this conclusion. The deceased received a fracture of both bones of the left leg below the knee, a fractured pelvis, internal injuries and suffered a severe bruise on the left forearm, indicating that her left leg struck the right edge of the bumper or right fender or right wheel and that the impact of the right fender with her left elbow caused the dent which was discovered near the headlight of the right fender of the Martin car after the accident.
Since the testimony conclusively establishes that Mrs. Rinehart was guilty of negligence in crossing North Third Street in the middle of the block and without looking in both directions for approaching traffic, even assuming that there had been some negligence on the part of Mrs. Martin, the contributory negligence of Mrs. Rinehart would bar plaintiffs' recovery, unless the evidence would show that the doctrine of "last clear chance" or "discovered peril" or "apparent peril" is applicable. *Page 407 
Plaintiffs' contention is that Mrs. Rinehart was within view of the driver of the Martin car for a sufficient time, after she walked out from in front of the parked Hinton car, for Mrs. Martin to have taken effective avoiding action. Had this fact been established, it would have been immaterial whether Mrs. Martin saw or did not see Mrs. Rinehart, she would be chargeable with seeing what was within her view and what she should have seen, and the defendants would have been responsible under the doctrine of apparent peril, or discovered peril, or last clear chance, as it has been variously denominated.
However, the record discloses that Mrs. Rinehart left the safety of the sidewalk and began to cross the street in the center of the block where the presence of pedestrians is not normally expected and that she was in a position to be seen from the driver's seat of the Martin car for a period of time wholly insufficient for Mrs. Martin — supposing her eyes had been on the right side of her car instead of down the street in the direction in which she was traveling — to have sensed the dangerous situation and taken effective action to avoid the accident by the application of brakes or the veering of her car to the left. Taking the view of the evidence most favorable to plaintiffs, the fact remains that there was still insufficient time between the appearance of Mrs. Rinehart in a position of danger and the impact for Mrs. Martin to have taken steps to avoid the accident, and therefore the doctrine pleaded has no application under the facts disclosed by the record.
The plaintiffs offered in evidence photographs showing the southern and west portions of the 600 block of North Third Street, with an automobile parked in the same relative position as the Hinton automobile occupied at the time of the accident. The defendants objected to the introduction of these photographs for the reason that the automobile was of a different make from the Hinton car and had its hood down and that the pictures were taken at 10:00 o'clock in the morning instead of in the late afternoon and for the further reason that a change had occurred in the physical condition of the property in that a store building had replaced the residence which occupied the lot just west of the sidewalk on which Mrs. Rinehart was walking just before she turned into the driveway to cross North Third Street.
The District Court, over the objection of plaintiffs, sustained this objection, but permitted the photographs to come up with the record as a part of a special bill of exceptions.
In the trial of automobile accident cases, it is not unusual for the litigants to introduce in evidence pictures showing the locale and the condition of the vehicles subsequent to the accident. Of course, it would be preferable to have the pictures made with all objects and conditions the same as at the time of the accident. No better evidence could be imagined than to have presented to the Court trying an accident case a moving picture or a series of still pictures showing the situation of the parties and vehicles while the accident was in the making. Of course, this is usually impossible.
We consider it incumbent upon a party offering a photograph of a locus in quo to show that he exercised reasonable effort to make the photograph reflect the conditions as they existed at the time of the accident. This is particularly true as to the location and type of objects that may be included in an effort to restage conditions at the time of the occurrence. However, in the absence of a showing that the party offering the photograph was guilty of bad faith in making the pictures and staging the objects shown at the scene, photographs of the locale should be admitted when properly identified and offered in evidence. The opposing litigant has the right, of course, to bring out the differences in conditions and circumstances between the time of the accident and the taking of the picture, both by cross-examination of the witness presenting the photographs and by other competent evidence. The District Judge in sustaining the objection stated that he didn't see that the pictures would be of any value in the present case as the other testimony had established what was shown on the pictures. The conclusion we have reached would be the same either *Page 408 
with or without the pictures offered in evidence by the plaintiffs and rejected by the District Court.
The judgment appealed from is affirmed, with costs.