HARDY, Judge.
This is a suit for damages resulting from an automobile collision. A companion case is that of Sanders v. Hamm, La.App., 56 So.2d 158. The two cases were consolidated for purposes of trial and on appeal. Plaintiff, Blakeslee, brought suit against Clinton C. Hamm and J. E. Sanders, claiming the sum of $279.17 representing damages to plaintiff’s automobile as the result of a collision allegedly caused by the concurrent negligence of the defendants. After trial there was judgment in favor of plaintiff Blakeslee and against the defendant Hamm, as prayed, and there was further judgment rejecting plaintiff’s demands against the defendant Sanders-. In the related case there was judgment in favor of the plaintiff Sanders and against the defendant Hamm. From both judgments the defendant Hamm has appealed. The plaintiff Blakeslee has appealed from the judgment rejecting his demands as against the defendant Sanders.
The accident occurred at or shortly before the hour of 12:00 noon on December 6, 1950, at the intersection of Third and *157 St. Ann Streets in the City of Alexandria, •Rapides Parish, Louisiana. St. Ann Street ends at the intersection with Third Streét, which it enters from a southerly direction. At the time of the accident Sanders was driving his pickup truck westward along Third Street. Hamm was driving his Buick Sedan northerly on St. Ann Street and was effecting a turn to his right, that is, to the east, into Third Street. The impact occurred either in the intersection or immediately adjacent thereto toward the east. The left front fender and front of Hamm’s car, according to the physical evidence, appear to have borne the brunt of the impact while Sanders’ truck was damaged along the left side from a point near the cab, on to the rear of the vehicle. After the collision the Sanders’ truck, out of control, proceeded across the intersection and struok two cars, concededly properly parked at the southerly curb of Third Street west of St. Ann, one of which was the car of plaintiff, Blakeslee. Sanders explains his lack of control of the truck after the collision on the ground that he was thrown to the floor of the’ truck by the force of the blow, rendered unconscious, and that he recovered consciousness only after his car had stopped.
The usual pleas, charges ' and counter-charges of negligence are made by the parties, that is, as between Sanders and Hamm. Admittedly plaintiff Blakeslee is in no fault and clearly is entitled to recover from one or both defendants.
The weight of the evidence is closely balanced. In a detailed and carefully written opinion the Judge of the District Court painstakingly analyzed the testimony of the parties and their respective witnesses. Further taking into consideration the evidence with respect to the physical facts and surrounding circumstances the Judge ¡reached the conclusion that Sanders was free from negligence and that the negligence of Hamm was the sole and proximate cause of the accident. Careful study of the record convinces us that there is no ground for concluding that the District Judge committed any error, manifest or otherwise, in his findings and, on the contrary, we have reached an identical conclusion.
 The point and nature of impact as evidenced ¡by.the damages to the principal vehicles involved adequately supports the finding that the Sanders’ truck was struck by the left front of the Hamm automobile. According to testimony of Hamm himself he was negotiating a turn to his right and was intent upon attempting to avoid striking cars which were parked along the south curb of Third Street. The most controverted question .in the case is whether Sanders was across the center line of the street out of his lane of travel or whether the Hamm car in negotiating the turn crossed the center line into the wrong lane, which was rightfully occupied by the Sanders’ truck. We agree with the finding of the District Judge on this point and are of the opinion that the testimony clearly preponderates in favor of Sanders’ contention that he was entirely in his proper lane of travel. On the basis of this finding it is clear that Hamm must have been at fault, and since he was entering the street, shown by ordinance to be a preferred thoroughfare, the -burden of extra care and caution was clearly upon him. Harrell v. Goodwin, La.App., 32 So.2d 758.
We have pretermitted discussion of the mooted point as. to. whether Hamm actually stopped before entering the intersection since we think that, even, conceding this to have been a fact, he did not thereby -discharge his ¡full duty. There is no ground upon which to sustain the charge of excessive speed as against Sanders, and, on the contrary, We are convinced that his speed was at a normal and reasonable- rate of not more than 18 to 20 miles per -hour.
There is no dispute as to the correct amounts of damages sustained by the Blakeslee and Sanders vehicles. The only question with respect to .quantum arises from the allowance in the judgment of the District Court of the sum of $100.00 in favor of plaintiff Sanders for personal injuries alleged to have been sustained as the result of the accident. In this respect we think the judgment is in error. The *158 sole testimony bearing upon Sanders alleged injuries, with the exception of the testimony of one of his witnesses to the effect that he observed that Sanders had a blue spot on his forehead as the result of a blow, is found in the testimony of Sanders himself, which we quote below in full.
“Q. Mr. Sanders, I think on your cross examination, the facts about the accident were covered with the exception of the injuries you sustained. Will you please tell the Court how, if at all, you were hurt in this collision? A. Well, it hurt my head and my shoulder and my neck and my back and my knee. My right knee.
“Q. How did it happen? A. It just shoved my neck back into my shoulder when I hit the windshield of the truck.
“Q. I believe you stated you were knocked unconscious? A. Unconscious. That is right.
“Q. And in hitting the windshield, do you know what happened to you after that? A. I just don’t know. I don’t know how long I was in the truck afterwards before I got out.
“Q. Have you liad any trouble with your neck and back? A. Yes, it still hurts —sure.
“Q. Did you consult a physician about it? A. Yes, sir, I talked to one of the doctors at the Veterans Hospital.
“Q. Other than that you never — (interrupted) A. No, I never went to any other doctor.
“Q. And what did he advise you? A. He advised me to put hot packs on my back.
“Q. You didn’t lose any time from your work, did you? A. No sir, the only time I list any work was the time my truck was out of commission. I had to thumb a ride or ride the bus, or something or other to work.”
We do not think the above testimony is sufficiently definite and certain to sustain an award of damages, and it follows that the judgment in the case of Sanders v. Hamm must be amended to this extent.
For the reasons assigned the judgment in the instant case is affirmed at the cost of the appellant, Hamm.
KENNON, J., not participating.