[Civ. No. 3702. Second Appellate District, Division Two.—December 8, 1922.]

ANNA REINDERS, Respondent, v. WILLIAM OLSEN, Appellant.

[1] NEGLIGENCE—COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE—ACTION FOR DAMAGES—EVIDENCE—FINDINGS.—In this action to recover damages for injury sustained by a minor son of plaintiff as the result of a collision between a motorcycle on which such son was riding and an automobile driven by defendant, the evidence fully justified the conclusion that the former was not guilty of contributory negligence and that except for the fact that defendant's car went forward suddenly just before it struck the motorcycle, the motorcycle would have been unharmed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles C. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Drake and B. P. Gibbs for Appellant.

D. A. Stuart for Respondent.

CRAIG, J.—This is a personal action in which the plaintiff sued to recover $1,312.40 as damages for the injury sustained by her minor son, Robert Reinders. Upon a trial judgment was rendered for plaintiff for $826.15 and for her costs and disbursements therein.

1. Rule of the road governing vehicles at intersection of streets and when turning across streets, notes, 21 A. L. R. 974; 41 L. R. A. (N. S.) 346.

[1] Defendant's contention that Reinders was guilty of negligence contributing to the accident which was the proximate cause of his injury cannot be sustained. The facts alleged by plaintiff are uncontradicted in regard to directions, speed, and actual collision.

The following facts are undisputed: Robert Reinders, the minor son of plaintiff, was riding a motorcycle in an easterly direction along the south side of Third Street. That at a point where Third Street intersects Bandine Street Olsen approached the intersection driving an automobile westerly on the north side of Third Street, turning south, or to the left, on Bandine Street before he reached the center of the intersection. That the point of collision occurred near the southeast corner of the intersection; that Reinders and Olsen were going about the same rate of speed, to wit, ten or twelve miles an hour; that Reinders saw the automobile when he was one hundred feet away from it and as it started to make the turn; that the automobile's left fender collided with the rear end of the motorcycle. Reinders continued straight ahead until the two vehicles were nearly together, when the defendant's automobile lunged forward and struck Reinders' motorcycle.

The only question of fact which is disputed is the truthfulness of Reinders' statement that the automobile lunged forward. Reinders himself testified as to what happened before the impact: "like he had put in his clutch, his car gave a lunge and hit me." There is no evidence which contradicts this statement, yet defendant bases his entire claim to contributory negligence on the bald claim that automobiles do not lunge, and that Reinders saw Olsen one hundred feet away. The last-named fact would not suggest to anyone that Olsen would not slow down, or turn, or stop to allow the motorcycle to proceed in the course where it had a right to go.

The evidence fully justified the conclusion that except for the fact that defendant's car went forward suddenly just before it struck the motorcycle, the motorcycle would have been unharmed. The court found that Reinders was not guilty of contributory negligence. The rule familiar to all lawyers that the decision of the trial court will not be dis-

turbed where the evidence is conflicting is determinative of this appeal.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.