### No. 8848.

### First Circuit.

### LE BOEUF v. BENOIT.

(January 28, 1926. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest — Automobiles — Par. 4 (a), 4 (d).

Where one drives an automobile at a fast rate of speed, thus causing a collision with another which is turning to the left, he is negligent and responsible for the resultant damage.

(Civil Code, Art. 2315. Editor's Note.)

Appeal from the Seventeenth Judicial District Court, Parish of Terrebonne, Robert B. Butler, Judge.

Action by Paul Le Boeuf against Adam Benoit, arising out of an automobile collision.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Harris Gagne, of Houma, attorney for plaintiff, appellee.

Ellender and Ellender, of Houma, attorneys for defendant, appellant.

ELLIOTT, J. The plaintiff, Paul Le-Boeuf, claims damages of defendant, Adam Benoit, in the sum of $178.00 on account of injuries to his automobile which he alleged resulted from the fault, negligence

and reckless driving of Maurice Benoit, defendant's minor son. Plaintiff alleges that he was driving on the public highway just outside of the city limits of Houma, when just before reaching the intersection of Jenner Street or lane, intending to turn out of the highway into said street, he extended his left arm outside of his automobile to indicate to any automobile following him that such was his intention, and had commenced to enter the street, when defendant's son, driving defendant's automobile at a reckless speed, ran into him, damaging his car. That the repair bill he was forced to pay amounted to $108.05. The balance of the sum claimed is for the loss of the use of his automobile while it was being repaired and for damages to same not included in the bill paid.

The defendant for answer admits that his son, driving his car, collided with the plaintiff, but claims that the collision was due to plaintiff's fault. Defendant alleged that his son was driving at a moderate speed and going in the same direction as the plaintiff desired to pass the defendant and blew his horn as a signal to plaintiff to take to the right so he could pass. That plaintiff did bear to the right and his son, thinking that it was to enable him to pass, undertook to pass him, when plaintiff immediately and without warning swerved his car sharply to the left directly in front of his son. That his son did all he could to avoid striking plaintiff, but it was unavoidable and due to plaintiff's fault in turning without warning, etc. Defendant alleges that his automobile was damaged to the extent of $94.00. He prays that plaintiff's demand be rejected and that he have judgment against plaintiff in reconvention for $94.00, etc.

The District Judge rendered judgment in favor of plaintiff for $108.05.

Defendant appealed.

## OPINION.

The evidence shows that the collision occurred as alleged by the plaintiff. The plaintiff was driving at a moderate speed. The defendant, coming behind him, driving much faster and overtaking plaintiff. As the plaintiff approached Jenner Street or lane, the plaintiff himself and four eyewitnesses testify that he held out his left arm. That he held out his arm in a proper way and for sufficient time that it should have been noticed by defendant's son is indicated by the fact that four others besides the plaintiff noticed it. Two of these witnesses were near the road side corner where Jenner Street or lane intersects the highway and were looking at plaintiff's car and defendant's and saw that a collision was going to take place due to the fact that plaintiff was swerving to turn out of the highway into the intersecting street and defendant's son was coming up behind him very fast and so close to plaintiff when he commenced to turn that he must almost inevitably strike him as he turned. This is all indicated by the fact that when defendant's son did see plaintiff turning in front of him he was able to swerve his car far enough to the right to avoid striking plaintiff in the middle as he would have otherwise done and strike only the rear end of his car as it entered Jenner Street; but could not slow down enough to avert a collision. Maurice Benoit, driving defendant's car, testifies that he did not see plaintiff's extended arm, and defendant argues from this that when plaintiff started to turn out of the highway into Jenner Street or lane he should have looked behind him, etc. That would have been well, and some automobiles are equipped with reflectors, so the party driving can see an automobile behind him; others are not. The fault and blame for this collision lies on the

defendant. If his son did not see plaintiff's extended and warning arm it was because his son was driving fast and not looking ahead; and not taking proper precautions as he came up behind the plaintiff and started to drive past him. If proper precautions had been observed by defendant's son, plaintiff would have been able to turn out of the highway into Jenner Street in safety. Defendant is therefore responsible for the damages resulting from the collision.

The judgment appealed from is correct.

Judgment affirmed, defendant and appellant to pay the cost in both courts.