No. 3926

Second Circuit

PAYNE v. PRESTRIDGE

(February 26, 1931. Opinion and Decree.)
(May 20, 1931. Rehearing Refused.)

C. B. Prothro, Booth & Grafton, of Shreveport, attorneys for plaintiff, appellee.

Thornton, Gist & Richey, of Alexandria, and J. B. Crow, of Shreveport, attorneys for defendant, appellant.

McGREGOR, J. This suit grows out of a collision on October 24, 1929, on Highland avenue in the city of Shreveport, at or near the place where Kirby place runs into it on the west side, but extends no further. It is alleged by the plaintiff that on that day at about 1 o'clock p. m. he was traveling south on Highland avenue on his policeman's motorcycle, and that as he approached a point where Kirby place runs into Highland avenue, and while he was traversing that part of Highland avenue that is at the end of Kirby place, a Packard automobile owned by defendant, but operated by his chauffeur, Zeke Kennedy, was suddenly driven diagonally across and out of Highland avenue directly in the path of the plaintiff. It is alleged that, in making this left turn off

Highland avenue with the intention of turning west on Kirby place, the defendant's chauffeur was grossly negligent; that this action on his part was so sudden and abrupt that he (the plaintiff) had no chance or opportunity to escape from the path of the on-coming automobile, and that as a consequence he was violently struck and thrown from his motorcycle a distance of several feet down Highland avenue in the same direction in which he was traveling. As a result of the collision the plaintiff alleged that he received severe lacerations, bruises, and contusions on both legs, and especially to his knees. He further alleges that he received internal injuries in the lower abdominal region and other severe and permanent injuries to his nervous system. He brings this suit for $12,500 for damages sustained by him in his person because of the collision. The case was tried by a jury, and judgment was rendered for the sum of $500 and all costs in favor of the plaintiff. The defendant has appealed, and the plaintiff answered the appeal asking that the judgment be raised to the amount originally prayed for, and that the fees of all the doctors who testified as expert witnesses be fixed at $25 each.

Since the case was tried and since the appeal was lodged in this court, the plaintiff has died, leaving a wife and two minor children. The wife and mother qualified as natural tutrix for her minor children and has been properly substituted herein as plaintiff in her representative capacity, and the case is now being continued in her name.

At the trial in the lower court the defendant denied all negligence, and in the alternative pleaded contributory negligence on the part of the plaintiff. In the defendant's car at the time of the accident there were five men. On the front seat there were the colored chauffeur and the defendant himself. On the back seat there were three business associates of the defendant. The four men were prominent lumber men and highly respected citizens. The negro chauffeur had been in the employ of the defendant for twenty years and was considered a careful and safe driver. The plaintiff had been a member of the Shreveport police force for several years and bore a good reputation. As far as can be determined, all the witnesses in the case are high-class citizens whose characters are above reproach. The trial of this case lasted two days, and able counsel on both sides contested every inch of ground. The record is voluminous, and it would not be practical or profitable to review it all here. The first thing to be determined is whether the defendant's chauffeur was negligent, and, if he was, then it must be determined whether the plaintiff was guilty of contributory negligence.

The evidence shows conclusively that at the moment of the collision the defendant's Packard automobile was going slowly; that it was in a diagonal position facing northwest; that it was south of the center of the imaginary intersection of Highland avenue and Kirby place; and that it was making a left turn to enter Kirby place on the west. It is equally conclusive that, while the defendant's automobile was thus making a left turn, the plaintiff, riding his motorcycle, endeavored to pass in front of the automobile and to continue his way on down Highland avenue on the west side. In plaintiff's petition he alleges that he was violently struck by the automobile and thrown several feet. We do not find from the evidence that defendant's automobile struck the plaintiff's motorcycle, but the truth is, as we read the testimony, defendant's automobile suddenly came into the path of plaintiff and

his motorcycle. Plaintiff endeavored to pass in front of the automobile and to continue his way on down Highland avenue. In this effort he was almost, but not quite, successful. In the effort to pass in front of the automobile, the back wheel of the motorcycle came in contact with the left front fender of the automobile. This could not have happened in this way if the automobile had been making the left turn in a lawful manner. This indicates that the automobile is bound to have been in a diagonal position in the street. If it had come to the north of the middle of the intersection of the streets as the law requires, the collision would not have happened. All the evidence is conclusive of the fact that the collision occurred while and because the automobile was "cutting the corner." It must be admitted that the most dangerous movement on public streets or highways is the left-hand turn. Particularly is this true when the street on which this turn is attempted is a right of way street as Highland avenue is in the city of Shreveport. Any one driving south on Highland avenue has a right to presume that his passage will not be impeded by any one at intersections. One intending to turn off this street on the left, which necessitates crossing the street and interfering with or cutting two lines of through traffic, must use the utmost care and caution. He has no right of way across. He must bide his time. If necessary, he must give the proper warning to the traffic behind him and come to a full stop and await a favorable opportunity to turn off the street when he will not interfere with traffic in either direction. He must not be content with holding out his hand and suppose that all see it. He must look both ways and be sure he is safe before he undertakes to go ahead. In this case the left-hand turn was made by the negro chauffeur. It was his judgment that had to be used. For aught that the evidence discloses, this chauffeur undertook to make the left-hand turn without even seeing the approaching motorcycle, even though it was in plain view, as is testified by defendant's witnesses. If he did this, it was plain negligence. We do not know what he saw, as we have not been favored with his testimony. He was not called as a witness, though he was available. Defendant's counsel admit that they did not call him, for the reason that they were afraid to put him on the stand and let him be subjected to cross-examination by plaintiff's counsel. They feared that counsel would get him confused and make him say things that he should not. We think his testimony was very necessary, and failure to call him is bound to militate against the defendant.

In their brief counsel for defendant cite three cases. (1) Le Boeuf v. Benoit, 3 La. App. 669. This is a case of a collision between two cars going in the same direction when one of them was run into while it was making a left-hand turn. This is not a parallel case with the one at bar. (2) Cahn v. Hoffman, 3 La. App. 688. This case does not involve the making of a left-hand turn, and it is not, therefore, applicable to the case at bar. (3) Foster Couvillion v. G. W. Zoder, 2 La. App. 339. In this case the plaintiff is shown by his own testimony to have been going at a reckless rate of speed after he had seen the danger. The facts of that case are so different from those of the case under consideration that it has no application.

In discussing the extreme care required of all those making left-hand turns, Judge Odom, in the case of Lewis v. Gulf Refining Co. of La., 7 La. App. 499, said:

"Under all the rules and practices, aside from any statutory regulations, the driver of a motor vehicle on a much travelled street, as this was, who desires to make a left turn across the street, must be particularly careful and on the alert for cars

meeting or overtaking his, and must not make such turn until he is sure the way is open.

"It, is a particularly dangerous and hazardous move to make, and he must use the greatest precaution."

In the case at bar, if defendant's chauffeur had paused two or three seconds, the plaintiff would have gotten by. He had the right of way and got more than halfway across the intersection before he came in contact with the obstruction negligently placed within his path by the defendant's chauffeur. We therefore find that the defendant's chauffeur was guilty of the grossest kind of negligence in driving the Packard automobile into and across the path of the on-coming motorcycle. It remains now to determine whether plaintiff was guilty of contributory negligence.

Counsel for defendant argue that, when plaintiff discovered the Packard automobile in his path, he should have turned into Kirby place, and that, if he had done this, the collision would have been averted, and that in not doing so he was guilty of contributory negligence. We do not agree with this statement. If the plaintiff had suddenly turned into Kirby place in this manner, we do not think his motorcycle would have successfully made the turn. A perilous situation was suddenly created for the plaintiff by defendant's chauffeur, and the plaintiff had to meet it quickly in the best way possible. If he committed an error of judgment under such circumstances, it is not contributory negligence on his part. From the evidence it appears that he pursued the course that would have been taken by the ordinary careful driver. He had the right of way. He had a right to presume that this automobile would not undertake to cross to its left ahead of him, and, when it did, he did all that was humanly possible to avoid the collision by running around in front of the automobile and by endeavoring to continue on down Highland avenue in the direction in which he was traveling. In doing this he struck the left front fender of the automobile, and his motorcycle was upset. It probably traveled a few feet before it fell. The distance he traveled was by his own momentum and the traveling of the motorcycle after the collision. It was none the less, however, caused by the negligence of the defendant's chauffeur in placing the Packard automobile in his path as an obstruction.

A jury of twelve men heard and saw all the witnesses testify, and their verdict was in favor of the plaintiff, and we see no reason, manifest or otherwise, for disturbing this verdict, but think that is correct and should be sustained.

The plaintiff has answered the appeal and asks us to raise the amount of judgment and also to increase the amount of the fees of the physicians who testified as expert witnesses in the case. It is a rule of the court never to disturb the verdict of a jury as to the amount of damages allowed unless there is manifest error in the same. We do not find such in this case. We cannot see any causal connection between the accident and the physical condition of the plaintiff at the time of the trial. In fact, that condition had not arisen at the time of the filing of the petition, and there are no allegations covering it. As to the fees allowed to the witnesses testifying on the trial of the case, we do not find that those matters come within the province of this court. We think matters of that kind are wholly within the discretion of the trial judge.

For the reasons assigned, the judgment appealed from is affirmed, the defendant and appellant to pay the costs of both courts.