RED TOP CAB & BAGGAGE COMPANY, a Florida corporation, v.
THEODORE K. ROTHERMUND.

14 So. (2nd) 665                              June Term, 1943
July 20, 1943                                   Division B
Rehearing Denied July 30, 1943

*Chappell & Brown* and *C. L. Brown,* for appellant.
*David C. McDonald* and *T. J. Blackwell,* for appellee.

SEBRING, J.:

This is a suit for damages growing out of a collision be-
tween a taxicab and an automobile at the intersection of

Biscayne Boulevard and 79th Street in the City of Miami. The taxicab was being operated in a northerly direction on Biscayne Boulevard by the appellant, Red Top Cab & Baggage Company. The automobile was being operated in a southerly direction on the boulevard by Bristol C. Bilbry. The appellee, Theodore K. Rothermund, was riding as a passenger in the taxicab. He sustained injuries as a result of the collision. After the accident he executed a written "covenant not to sue" the driver of the automobile, receiving as consideration therefor the sum of $300. Subsequently, he brought suit against the taxicab company and recovered judgment. The defendant below comes here to review the judgment.

The collision occurred in the nighttime at an intersection where the traffic light was green for north and south-bound travel. The plaintiff first noticed the automobile approaching the intersection from the north, when the taxicab in which he was riding was approximately 150 feet south of the traffic light. At that time the taxicab was travelling on its own side of the street and at a lawful rate of speed. As the automobile came into the intersection from the north it was proceeding at a slight angle toward the center line of the boulevard "as though it were preparing to make a left-hand turn." It was "moving very slowly [and] might have been mistaken to be standing still or moving very deliberately around the corner." As the taxicab passed northward through the intersection the south-bound car made a left-hand turn, "cutting the corner" instead of going around the traffic light. So far as appears from the testimony, the driver gave no signal of his intention to make the left-hand turn or to "cut the corner" across north-bound traffic. When the taxicab was well into the intersection the driver observed the automobile coming out of the course of southbound traffic toward him. He quickly swerved his cab to his right but was unable to escape the collision. The automobile struck the taxicab on the left-hand side about center, inflicting injuries upon the passenger.

We find nothing in the evidence to warrant recovery by the appellee. Without regard to testimony given by disinterested eye-witnesses, which, in our opinion, completely

absolved the taxicab company from all liability, we think that the testimony given by the plaintiff, as set out above, together with the physical facts, demonstrate that the accident and injury occurred as a result of the sole negligence of the driver of the south-bound automobile.

At the time of the accident there was in full force and effect in the City of Miami a municipal ordinance which reads as follows:

"Article IV, Section 11, Vehicles Turning At Intersection. The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute a hazard. . . ." So far as appears from the evidence in the case, there was nothing to put the taxi driver on notice that this traffic ordinance would not be observed by the driver of the automobile approaching the intersection from the north. Gosma v. Adams, 102 Fla. 305, 135 So. 806. He had the right to assume that the right of way be accorded to him and that the driver of the other automobile would not cut directly into his path of travel, but would bide his time, if necessary, until the path was clear. Payne v. Prestige, (La.) 133 So. 512; Reinders v. Olsen, (Cal.) 212 Pac. 49. From all accounts the taxi driver was operating his taxicab in a careful and prudent manner right up to the time of the collision. As he came into the intersection the automobile had not moved out of the course of south-bound travel. The taxi driver was not confronted with the automobile moving in upon him until he had gotten well into the intersection. When caught in this position of peril he did all that could have been reasonably required of an ordinarily prudent and careful man under the circumstances to extricate himself and his passenger from their position of peril. Even if, as stated by the plaintiff, the south-bound car was moving into the intersection at a slight angle as though about to turn to the left, it was not the duty of the taxi driver to anticipate that the south-bound car would wrongfully "cut the corner" and attempt to proceed eastward on 79th Street on the wrong side of the street. Even then, had the driver of the automobile driven around

the light instead of "cutting corners" squarely into the path of the taxicab, which he saw or should have seen approaching, the accident would have been averted.

The verdict was clearly contrary to the evidence and must be reversed. Having reached this conclusion, it becomes unnecessary to consider other questions raised on this appeal.

The judgment is reversed.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.