These cases arise as a result of an intersectional collision which occurred at about 7:30 o'clock, A.M., on April 23, 1946, in the City of Baton Rouge between a 1939 Model Ford coupe owned and operated by the defendant, Sam Alello, and a 1941 Model Buick sedan owned by the plaintiff, Joseph Kopcso, and being operated, at the time, by his wife's brother, Julius Bodi, accompanied by the other plaintiff, Mrs. Mary Kopcso, wife of Joseph Kopcso. The plaintiffs filed separate suits, containing the same general allegations as to the accident and praying for their respective damages. They allege that just prior to the accident Julius Bodi was driving a Buick sedan belonging to Joseph Kopcso on the Extension of Florida Street (which street runs east and west and has a neutral ground in the center), in a westerly direction on the northerly side of the northerly lane for traffic, at a speed of about 30 miles an hour, and that at that time defendant Sam Alello was driving south on Bernardo Street (which street runs north and south and joins the extension of Florida Street), approaching the junction of the Extension of Florida Street at a rate of about 15 miles an hour; that the Ford coupe and the Buick sedan were visible to the drivers *Page 100 
thereof at a distance of from one hundred to three hundred feet from said junction of Bernardo Street and the Extension of Florida Street; that as the Buick approached the junction at a distance of about 50 to 60 feet, it was slowed down to approximately 20 miles per hour by its driver, Julius Bodi, and the horn thereof was sounded and the same was turned into the southerly side for traffic on said northerly lane to said Extension of Florida Street; that thereupon the Ford coupe entered the junction and came into the northerly side of the northerly lane for traffic on said Extension of Florida Street and the same was slowed down to approximately 5 miles an hour; that then the said Sam Alello, at the time that the said Buick was approximately 15 to 25 feet distant from said Ford, suddenly, and without warning, negligently and recklessly speeded up said Ford to about 15 miles per hour, and negligently and recklessly turned said Ford to his left and in an easterly direction, against traffic, into the southerly side of the northerly lane of said Extension of Florida Street, and as a result of said negligence, the Ford ran into and collided with the said Buick; that the center of the front of said Ford collided with the right front part of said Buick; that the point of impact between said cars was on the southerly side of said northerly lane for traffic on said Extension of Florida Street, at about 15 feet, in a westerly direction from the westerly side of a passage across the neutral ground of said Extension of Florida Street.
Petitioner Joseph Kopcso alleges that as a result of the accident he suffered damages in the amount of $356.33, being $263.45 for repairs to his automobile, and $92.50 for medical expenses expended by him for the care of his wife. Plaintiff Mrs. Mary Kopcso prayed for damages in the sum of $2,000 for personal injuries and pain and suffering, sustained in the collision.
Defendant denied that he was guilty of any negligence, and claimed that the driver of plaintiff's car was acting as an agent of plaintiffs and was guilty of gross negligence in driving at an excessive rate of speed and that such negligence constitutes a bar to recovery by the plaintiffs.
After due hearing of the case the District Court reached the conclusion that the accident was caused solely by the gross negligence of the defendant Alello, and rendered judgment in favor of plaintiff Joseph Kopcso for $333.36, being for the full amount of the damage claimed to his automobile, and for the medical expenses claimed, except an item of $20 expended for tests for undulant fever and malaria not connected with the accident; and rendered judgment in favor of the plaintiff, Mrs. Mary Kopcso in the sum of $750. The defendant has appealed.
[1] On appeal the main questions presented are questions of fact, and unless we can find manifest error committed by the trial judge, we must, of course, affirm the judgment.
[2] It is shown by the evidence that Julius Bodi, brother-in-law of plaintiff Joseph Kopcso, was requested by Joseph Kopcso to go to a nearby town to obtain certain automobile parts, which Kopcso needed in his garage business; that on this trip Julius Bodi was accompanied by his sister, Mrs. Mary Bodi Kopcso and by his girl friend, who later became his wife; that Julius Bodi was the driver of the Buick sedan, and that next to him the present Mrs. Bodi was seated, and next to her, on the right side of the Buick, Mrs. Mary Kopcso was seated. All three testified to the same effect; that they were driving in a westerly direction on Extension of Florida Street; that this street is a wide street, with a neutral ground in the center, and two lanes of travel on each side; that as they were approaching Bernardo Street, which runs into Extension of Florida Street on the north side thereof, and which Bernardo Street is a gravel street about 14 feet wide, they noticed the Ford coupe belonging to and being driven by Alello, and that they had no idea that Alello would try to enter Florida, a favored street, until they were about 50 or 60 feet from Bernardo Street. They testified that up to that point Julius Bodi had been driving the Buick at about 30 miles per hour, and on the north lane of the north side on Florida Street, and that when he perceived *Page 101 
that the Ford coupe would probably enter Florida Street, he slowed down to about 20 miles per hour, and went into the south lane of the north side of Florida Street, and upon realizing that the Ford coupe was travelling towards them, he at once threw on his brakes and stopped within 2 or 3 feet, but that the Ford coupe, by the sudden maneuver of its driver in speeding up and turning to the left against traffic, ran into the Buick.
The defense to this case is based on the testimony of the defendant, who blames the collision on the fast driving of Julius Bodi, whom he states was driving at a rate of speed of 60 to 65 miles. However, as brought out by the trial judge, the defendant admits in his own testimony that he stopped for traffic on the favored street, and that there was nothing to obscure his vision to the east and west to observe approaching traffic, and that he did see the Buick car at a distance of about 1 1/4 blocks going at this alleged tremendous speed, and notwithstanding, he proceeded to enter the favored Florida Street. On his own testimony he convicts himself of gross negligence, but, as also brought out by the trial judge, the preponderance of the evidence shows that Julius Bodi was travelling at a moderate rate of speed and his testimony and that of the two occupants of the Buick are corroborated by the physical facts, and particularly by the fact that the Buick came to a stop very shortly after the danger became apparent. Had it been travelling at the excessive rate of speed claimed by the defendant, it would not have come to a stop so suddenly, nor would the Ford have come to rest directly against the Buick, as occurred in this accident.
[3] In so far as the damage to the Buick is concerned the preponderance of the evidence shows that the award is correct. The main contention of the defendant is that most of the work performed in repairing the Buick was done in the garage of Kopcso, plaintiff, and that he should not be allowed the regular fee which he would have charged for doing this work for a stranger. We are in accord with the trial judge that he is entitled to his regular, reasonable charge for that type of work, for the reason that had he had the work done by another garage he would have been forced to pay that amount, and for the further reason that had his garage performed the same work for a stranger during the time that his car was being repaired, the same amount would have been realized by the Kopcso garage. In so far as medical expenses is concerned, there seems to be no dispute.
[4] As to the damage allowed to Mrs. Kopcso, the evidence shows clearly that she suffered several painful bruises and lacerations, as well as three fractured ribs and that she suffered pain almost continuously for some three months, and that even at the time of the trial she still had some nervous reactions to her experience. We feel that the amount awarded her is reasonable.
It seems very apparent to us that the accident, as found by the trial judge, was caused solely by the defendant Alello, and that the awards made by the trial judge, in both cases, were supported by the evidence.
Separate decrees affirming the judgment of the lower Court in each case will be entered.