79 So.2d 95 (1955)
Daniel R. FORNEA and Fidelity Mutual Insurance Company, Plaintiffs-Appellees,
v.
Harvey CRAIN, Defendant-Appellant.
No. 3980.
Court of Appeal of Louisiana, First Circuit.
March 25, 1955.
Rehearing Denied April 22, 1955.
*96 France W. Watts, Jr., Franklinton, for appellant.
Henry N. Richardson, Bogalusa, for appellee.
TATE, Judge.
This case results from a collision between two automobiles. The plaintiff, Daniel R. Fornea, the owner and operator of an Oldsmobile, and his collision insurer by subrogation, sue for $751.63 (of which $50 was the deductible portion of the damages paid by Fornea) to cover the damages sustained by his car. Harvey Crain, defendant, reconvened for certain damages, but the reconventional demand was filed more than a year after the accident, and accordingly a plea of prescription thereto was sustained. Before trial, Daniel R. Fornea for himself filed a judgment of dismissal with prejudice, and therefore the only claim before this court is the subrogation claim of Fidelity Mutual Insurance Company, his insurer.
There was judgment below in plaintiff's favor as prayed for, and the defendant has appealed suspensively and devolutively.
The accident occurred on March 24, 1951, on Louisiana Highway 7 approximately two miles south of Varnado, Louisiana. The accident occurred when defendant Crain, driving his Kaiser (Henry J Model) automobile south on said highway, turned left or east across said highway, and was struck by plaintiff Fornea's Oldsmobile which had been proceeding north on said highway, approaching from the opposite direction. The reconventional demand and various exceptions having been disposed of by proper rulings of the trial court, which are not complained of here, the sole question remaining for determination is whether any negligence of defendant was the proximate cause of the damages sustained by plaintiff, and whether the negligence or contributory negligence of Fornea, the plaintiff's insured, would bar such recovery.
In substance, plaintiff seeks recovery on the ground that defendant Crain suddenly made a left turn across Fornea's path, Crain having failed to keep a proper lookout and having made a sudden turn on or across the highway in violation of the superior right of way of all vehicles approaching from either direction, LSA-R.S. 32:235. LSA-R.S. 32:237, subd. E also provides:
"The driver of a vehicle entering a public highway from a private road or entering a private road from a public highway shall yield the right of way to all vehicles approaching on the public highway and to all pedestrians properly walking thereon."
Defendant, on the other hand, contends that the accident was caused by the negligence of Fornea in proceeding at an excessive rate of speed, and also because *97 Fornea had the last clear chance to avoid the accident by turning west around the rear of defendant's car.
The evidence indicates, as the trial court found, that defendant Crain, proceeding at a speed of 15 - 20 miles per hour, commenced to turn left across the highway approximately 20 yards north of his driveway, and that the accident occurred a few feet north thereof when the right side of defendant's car was struck by the left front of Fornea's car, that Fornea, proceeding north at 45 - 50 miles per hour, confronted by the emergency created when defendant cut suddenly across his path, slammed on his brakes and also pulled to the right; that defendant's much lighter car was knocked six feet north as a result of the accident; and that defendant's misjudgment was caused at least partly by the fact that he had been drinking before the accident.
We agree with the trial court's determination that the defendant's testimony of excessive speed on the part of Fornea is most improbable in view of certain factual impossibilities contained therein and is contradicted by more credible testimony and the physical results of the accident. We further feel that while possibly Fornea may have avoided the accident by turning left around defendant's car instead of attempting to turn right, under the well recognized sudden emergency doctrine, plaintiff cannot be held responsible for his misjudgment in reacting to the sudden emergency created by the negligence of defendant.
As pointed out often in our jurisprudence, a left turn across a travelled highway is a dangerous maneuver, and a driver shall not attempt same unless and until the way is clear of approaching traffic; Strug v. Travelers Indemnity Company, La.App., 53 So.2d 437; Home Insurance Company v. Warren, La.App., 29 So.2d 551; Lane v. Bourgeois, La.App., 28 So.2d 91, Seale v. Stephens, La.App., 24 So.2d 651. Except for Payne v. Prestridge, 16 La.App. 479, 133 So. 512, which is in accord with these and factually supports plaintiff, the cases cited by defendant are distinguishable because the turning drivers did not turn suddenly into the oncoming drivers' path, as here.
The damages are not in dispute. Fidelity Mutual Insurance Company paid unto Fornea for the repairs of his automobile which resulted from the accident the sum of $701.63.
The judgment of the lower court is hereby affirmed; all costs to be paid by the defendant-appellant.