GLADNEY, Judge.
This action was brought by Willard A. Cross to recover damages sustained by his Chevrolet automobile on July 17, 1955, about 5:30 o’clock A.M. as a result of a collision with a Ford automobile owned and driven by Orville D. Cox, the defendant herein. Both plaintiff and defendant filed counter charges of negligence and defendant has alleged a demand in reconvention for the damages inflicted upon his vehicle. A special plea of contributory negligence also has been filed on behalf of the defendant. Following a trial on the merits there was judgment in favor of plaintiff as prayed for and rejecting defendant’s demands in 'reconvention. From this judgment defendant has appealed.
At the time of the accident, Cross was traveling westerly on a parish graveled .highway known as the Homer-Dorcheat Road. The defendant, Cox, was traveling south on a small graveled road which forms •a “T” intersection with the Homer-Dorcheat Road. Here we note the only evidence in the record sustains a finding that the road being traveled by Cox is a private road. A collision occurred between the two vehicles in the “T” intersection. The State Trooper who investigated the accident a short time after its occurrence, established from physical evidence that the point of impact was near the center of the highway.
Plaintiff alleges the resulting collision was due solely to the negligence of Cox in failing to stop at the intersection, in not yielding to him the right of way, and in failing to keep a proper lookout for traffic traveling on the main highway. On the the other hand, negligence is charged against Cross in failing to keep a proper lookout and disregarding the safety of vehicles entering the Homer-Dorcheat Road, and in traveling at an excessive rate of speed.
*520 The evidence in this case included the testimony of plaintiff and his wife, the defendant and I. T. Addison. Also important is the testimony of T. H. Jones, State Trooper, who testified as to his investigation of the scene of the accident a short time after its occurrence. Another witness, Mrs. Theo Whitaker, was called on behalf of the defense, but contributed no evidence of a probative nature. Mr. Cross and his wife who was accompanying him at the time of the accident, both testified they were traveling at a speed of approximately 40 miles per hour and had negotiated a slight curve when they were suddenly confronted with the vehicle driven by Cox, who came out of a small side road, and that Cross endeavored to brake and control his car but was unable to avoid the collision. Cox and Addison testified that as they neared the Homer-Dorcheat Road they came to a complete stop where being unable to observe traffic along the Homer-Dorcheat Road because of the brush, Cox had pulled a few feet into the intersection when his car was struck by Cross, who, they testified, turned to the right and was proceeding on the right shoulder of the highway at the moment of impact. Neither of the witnesses estimated the speed of Cross.
We feel justified in relying upon the testimony of Cross and his wife, corroborated by that of State Trooper T. H. Jones, in finding beyond any doubt the accident occurred near the center of the road. It is not a reasonable view of the evidence to infer the collision occurred when the Ford automobile was but two feet within the intersection. We believe, as did the trial judge, that the accident was due to the failure of Cox to yield to Cross the right of way as is accorded to him under LSA-R.S. 32:237, Subdivision E (the State Highway Regulatory Act) which requires that the driver of a vehicle entering the public highway from a private road or entering a private road from a public highway, shall yield the right of way to all vehicles approaching on the public highway. See Miller v. Brown, La.App.1952, 59 So.2d 725, 728, and authorities cited therein.
We think the evidence fully establishes that Cross was traveling at a lawful rate of speed and maintaining a proper lookout at the time the defendant entered the intersection. It is our conclusion, therefore, that Cross was without negligence and the sole proximate cause of the accident was due to the negligent entry of Cox into the main public highway from a private road without maintaining a proper lookout and yielding the right of way to the Cross vehicle.
For the reasons hereinabove assigned, the judgment from which appealed is affirmed at appellant’s cost.