AYRES, Judge.
This is an action in tort instituted by plaintiff for the recovery of damages occasioned by the striking and breaking of an electric transmission-line pole by an automobile owned and operated by the named defendant and insured by the defendant Hartford Accident and Indemnity Company. From a judgment in favor of plaintiff, defendants appealed.
The facts immediately preceding and surrounding the occurrence, from which this action results, may be briefly reviewed. The accident occurred about 6:45 p. m., May 5, 1963, as defendant Johnson was proceeding in a westerly direction around a slight curve to his right on Corbin’s Ferry Road, an asphalt-surfaced highway in West Carroll Parish, Louisiana. Immediately preceding the occurrence of the accident there was a heavy downpour of rain, which continued in a lesser degree to the time of the accident. The road surface was therefore wet, and, due to the time of day and atmospheric conditions then prevailing, shadows of darkness had descended. The Johnson vehicle, driven at a speed of 50-60 m. p. h., veered to its left, crossed the left lane of the highway and a 4-foot shoulder and proceeded through a roadside ditch four feet deep and 23 feet wide, after which the vehicle struck plaintiff’s pole, breaking it in two and damaging the transformer thereon, as well as other equipment, and interrupting the services carried over said lines.
For a cause of action, plaintiff invoked the doctrine of res ipsa loquitur and, in the alternative, charged the defendant Johnson with negligence in operating his car at an excessive speed under the circumstances prevailing at the scene of the accident, and in failing to keep his vehicle under control. The defendants, in answer to plaintiff’s demands, admitted that defendant Johnson’s car left the highway and struck plaintiff’s pole, but alleged an affirmative defense in that an emergency intervened over which Johnson had no control, but which was caused by a blowout of the left front tire, or its suddenly going flat by a cut or puncture.
From the nature and manner of the occurrence of the accident, as aforesaid, particularly the weather conditions, the condition of the highway, and the speed of defendant’s car, it can only be concluded that plaintiff has established at least a prima-facie case of negligence against defendant Johnson, whose testimony revealed a mere assumption on his part that he had sustained a blow-out to his tire. The expert testimony to the effect that the tire did not blow out and that it did not sustain a cut until the *170 impact of the collision, supported by the physical fact that the tire showed no evidence of having been run after it became flat, negates the defense urged as a bar to plaintiff’s recovery.
The cost of the repair of the damage sustained was $1,250.90. This was so stipulated by the parties. However, of this amount, defendants question the validity of the allowance of $432.45 representing the cost of labor performed by plaintiffs employees in making these repairs. Defendants contend that this is not a proper item of expense inasmuch as plaintiff’s employees were on its regular payrolls and would have been paid for their time irrespective of the occurrence of this accident. This contention is without merit. The charge for labor was the same plaintiff would have charged for doing the work for another. Moreover, if plaintiff’s employees had not performed the work occasioned by this accident, they would have been engaged in the performance of their regular duties.
In Interurban Transp. Co. v. F. Strauss & Sons, 196 So. 367 (1940), this court approved an allowance of the cost of repairs of damages to a bus sustained in a motor vehicle collision, although the repairs were made in plaintiff’s shop. An identical conclusion was reached by the First Circuit in Kopcso v. Alello, 32 So.2d 99, 101 (1947), wherein the court stated:
“In so far as the damage to the Buick is concerned the preponderance of the evidence shows that the award is correct. The main contention of the defendant is that most of the work performed in repairing the Buick was done in the garage of Kopcso, plaintiff, and that he should not be allowed the regular fee which he would have charged for doing this work for a stranger. We are in accord with the trial judge that he is entitled to his regular, reasonable charge for that type of work, for the reason that had he had the work done by another garage he would have been forced to pay that amount, and for the further reason that had his garage performed the same work for a stranger during the time that his car was being repaired, the same amount would have been realized by the Kopcso garage.”
Finding no error in the judgment appealed, and for the reasons assigned, it is accordingly affirmed at defendants-appellants’ cost.
Affirmed.